A. C. LITTLE *et al.*

*v.*

JOHN ALLINGTON.

| 93 | 253 |
|----|-----|
| 80a | 377 |

| 93 | 253 |
|----|-----|
| 86a | 449 |

| 93 | 253 |
|----|-----|
| 211 | [3]112 |

1. CHANGE OF VENUE—*application, how made.* An application for a change of venue should be made by petition verified by affidavit, and can not be made by merely filing a motion for that purpose, and the filing of such a motion will not prevent a default from being taken for want of pleas.

2. SAME—*vacating order for non-payment of costs.* Where a party fails to pay the costs of a change of venue as required in the order granting the change, the court may properly vacate or set aside such order and proceed to trial. The neglect of the clerk to make out the costs within the time limited for their payment will not excuse the party in neglecting to pay them. He should procure an order compelling the clerk to tax the costs, if necessary.

3. DEFAULT—*setting aside.* An application to set aside a default not based upon an affidavit of a defence upon the merits is properly denied.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.

Messrs. LITTLE & WHITE, for the appellants.

Mr. A. J. HOPKINS, and Mr. A. G. McDOLE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court

This was an action of debt on an appeal bond, brought by John Allington, appellee, against A. C. Little and J. W. Rice, appellants, in the City Court of Aurora.

⋅ The appellee filed an affidavit of claim with his declaration. At the term to which the summons was returnable, but before a default was taken, the appellants filed a motion for a change of venue, on June 11, 1877, but without petition or affidavits. On June 18, the court entered an order in the following words: "All pleas to be filed by to-morrow morning;" and on the 19th of June, appellants were defaulted for want of pleas. Immediately thereafter, on the same day, appellants filed a petition verified by affidavit for a change of venue, which was

considered by the court. And on the 22d of June an order was entered changing the venue of the cause to the circuit court of Kane county, on condition that appellants should pay to the clerk the costs of such change of venue by Friday morning, June 29.

It appears that within a day or two after the entry of such order, the appellant Little called upon the clerk of the court for a statement of the amount of the costs of such change of venue, with the intention of paying the same at that time, but the clerk stated that he did not know the amount. The appellants did nothing more towards ascertaining or paying such costs, until Friday morning, June 29, when appellant Little stated to the court that he had asked the clerk for the amount of such costs; that the clerk had answered him that he did not know how much they were, and that he did not know the amount himself, but that he had been and was then ready to pay the same. The court on the same day, after hearing such statement, made an order vacating the order changing the venue, for non-compliance with its terms.

The appellants then moved to set aside the defaults entered against them on the 19th of June, but the court overruled the motion to set aside the defaults, and proceeded to a trial and entered judgment against appellants.

Appellants did not in the first instance proceed properly to obtain a change of venue. The application should have been made by petition, verified by the affidavits of the petitioners, and could not be made by merely filing a motion for that purpose. The defaults of appellants entered on June 19 were properly entered, for no pleas had been filed and no sufficient application for a change of venue had been made.

After such defaults were taken, the court entertained a petition in proper form for a change of venue, which was granted; and an order was made changing the venue of the cause to the circuit court of Kane county, on condition that appellants should pay the costs of such change by the morning of June 29.

Appellants having failed to pay the costs of changing the venue, within the time limited by the court, the order granting the change of venue became as against appellee, void by operation of the statute, (sec. 13, ch. 146, Rev. Stat. 1874,) and it was altogether proper that the court should on his motion so declare it or set the same aside. The cause was then pending in the City Court of Aurora on the declaration and affidavit of claim of appellee and the defaults of the appellants.

The motion to set aside the defaults of appellants was not based upon an affidavit of merits. The affidavits of the clerk and A. C. Little, which the court refused permission to file, nowhere contain an intimation that there was a defence to the action upon the merits, and we can not regard the refusal of the court to set aside the defaults as error. The motion to set aside the defaults having been properly overruled, the court was right in hearing evidence and entering judgment.

The omission of the clerk to state to appellants the amount of costs to be paid on the change of venue would not relieve them from the order to pay within the time specified. They could have applied to the court upon a proper case made in apt time for an order on the clerk to tax, if necessary, the costs of the proceeding.

Perceiving no sufficient cause to disturb the judgment it is affirmed.

*Judgment affirmed.*