## Frank E. Pettit v. Newman G. Hall et al.

1. SHORT CAUSE CALENDAR—*Where the Last Day of the Notice Falls on Sunday.*—Where the last day of the notice to place a cause on the short cause calendar falls on Sunday the defendant will be entitled to no further time; the notice expires with the day.

Pettit v. Hall.

2. MERITS—*Insufficient Affidavit of.*—An affidavit of merits which states that the defendant's counsel "is of opinion that the defendant has a good and meritorious defense to this suit," is sufficient.

**Assumpsit,** upon written contract. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed March 14, 1899.

W. LAVERY, attorney for appellant, contended that the act known as the "short cause act," in designating the number of days for notice intended to require ten entire days and did not intend that a fraction of a day should be considered as a day, and this act is not governed by the sixth section of the statute relating to notices (Hurd's Ed. R. S., 1895, 1066, Chap. 100), but is controlled by its own language and the construction to be placed upon it from the intention of the legislature.

GURLEY & WOOD, attorneys for appellees.

PER CURIAM.

There was no affidavit setting forth any defense presented to the court by appellant, the defendant below, in support of the motion. This was necessary. Little v. Allington, 93 Ill. 253, 255.

The affidavit and notice were in due form and properly filed, and the cause was properly upon the short cause calendar.

The point that ten days' notice was not given, resting wholly upon the contention that the last of the ten days required expiring on Sunday, the defendant was entitled to all the Monday following, which was the day the cause was set for, and tried, is baseless. Rev. Stat., Sec. 6, Chap. 100, entitled "Notices."

An affidavit which has only to say for the merits of a defense, that defendant's counsel "is of opinion that the defendant has a good and meritorious defense to this suit," is insufficient.