## Columbus Mutual Life Association v. Jesse H. Plummer and Lucy D. Plummer.

1. INSURANCE—*When a Cause of Action Arises.*—When an insurance company refuses to pay the policy, and bases its refusal upon the ground of no liability to pay in any event, the beneficiaries have the right to sue at once.

2. PRACTICE—*Setting Aside Judgment by Default.*—The setting aside of a judgment by default and allowing pleas to be filed rest in the sound discretion of the court, and unless it clearly appears that the refusal of the court was an abuse of the discretion, this court will not interfere.

3. SAME—*Denying Application to Overrule Judgment by Default.*— Where a defendant elects to stand by his demurrer to a declaration, when it is overruled and judgment by default is entered against him because of his refusal to plead, it is not an abuse of the court's discretion to deny an application made nine days after, to set aside the judgment and let in a defense known to the defendant at the time of announcing his election to stand by his demurrer.

4. Judgment by Default—*Defendant Asking to Have it Set Aside Must Show Specific Facts.*—A defendant asking to have a judgment by default against him set aside, so as to allow a defense, must show, by sworn statements, specific facts that constitute a defense on the merits. A statement " on information and belief" is not sufficient.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presid- ing. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

Johnson & McDannold, attorneys for appellant.

Wilson & Buckingham, attorneys for appellees.

When the company refuses to pay the policy, and bases such refusal on grounds of no liability to pay in any event, it can not, on being sued, avail on time limit. It waives the time limit, and beneficiaries have the right to sue at once. Ætna Ins. Co. v. Maguire, 51 Ill. 342; Williamsburg v. Cary, 83 Ill. 457; Continental Ins. Co. v. Ruckman, 127 Ill. 364; Mechanics Ins. Co. v. Hodge, 149 Ill. 298.

The setting aside of a judgment by default is a matter resting wholly in the sound discretion of the court; and on review an appellate tribunal will not interfere, unless it clearly appears that such discretion has been abused by the court, to the manifest injury of the complaining party, and when it is clear that gross injustice has been done by the ac- tion of the court below. All presumptions favor the court below. Peoria, etc., Ry. Co. v. Mitchell, 74 Ill. 394; Franz v. Winne, 6 Ill. App. 82; Hitchcock v. Herzer, 90 Ill. 543; Constantine v. Wells, 83 Ill. 192.

One who seeks to set aside a judgment rendered by de- fault against him must show by the sworn statement of some person such facts as constitute a defense to the action on merits, and that defendant has used diligence to obtain such facts and make his defense in apt time. Mendell v. Kimball, 85 Ill. 582; Hitchcock v. Herzer, 90 Ill. 543; Con- stantine v. Wells, 83 Ill. 192; Little v. Allington, 93 Ill. 253.

Mr. Justice Harker delivered the opinion of the court. This is a suit in assumpsit, brought by appellees on a

policy of insurance on the life of their mother, Lillie Plummer, issued by appellant. On the 22d of October, 1898, a demurrer to the amended declaration was overruled. Appellant stood by its demurrer and refused to plead; whereupon a default was taken and a judgment rendered for $1,000, from which order an appeal was prayed. On the 31st of October appellant filed a motion to set aside the default and judgment and for leave to plead. On the 19th of November it presented a plea of the general issue and six special pleas supported by affidavit, but the court refused to vacate the judgment and allow the pleas to be filed. Exceptions were taken, and this appeal was prosecuted for the purpose of reviewing the action of the court in overruling the demurrer to the declaration and in refusing to vacate the judgment and allow the pleas to be filed.

It is objected to the declaration that it does not show a compliance with the terms of the policy in making proofs of death, and that it was filed within ninety days after the death of deceased, when the policy provides for the payment of the amount named ninety days after receiving satisfactory proofs of death.

The declaration sets out in detail what proofs of death were furnished, and avers that they were accepted by the association as complete and satisfactory. It further avers that the association, after receiving the proofs, refused to pay the sum of money mentioned in the policy and denied any liability. In view of these averments the only legal action for the court was to overrule the demurrer.

When appellant refused to pay the policy and based its refusal upon the ground of no liability to pay in any event the beneficiaries had the right to sue at once. Ætna Ins. Co. v. Maguire et al., 51 Ill. 342; Williamsburg Ins. Co. v. Cary, 83 Ill. 453.

The setting aside of a judgment by default and allowing pleas to be filed rest in the sound discretion of the court; unless it clearly appears that the refusal of the court was an abuse of the discretion this court will not interfere. Where a defendant elects to stand by his demurrer to a declaration when it is overruled, and judgment by default is entered

against him because of his refusal to plead, it is not an abuse of the court's discretion to deny an application made nine days thereafter to set àside the judgment and let in a defense known to the defendant at the time of announcing his election to stand by his demurrer. Unquestionably the defense proposed by appellant's first four pleas was known at the time the demurrer was overruled. The special matter set up related to the furnishing of satisfactory proofs of death.

The last three pleas offered set up the special defense that the policy was void by reason of false and fraudulent statements contained in the application of Lillie Plummer at the time and prior to applying for insurance. They were not sworn to, but there was tendered with them the affidavit of James H. Hogue, stating that he was the superintendent of appellant, and as such had charge of the home office; "that since judgment was rendered in the above entitled cause certain information had come to his knowledge which related to said claim which led him to believe that the said Lillie B. Plummer made an incorrect statement in her application for certificate of insurance in said company and stated in her application that she was in good health, when in truth and in fact she was suffering from a tumor which caused her death."

A defendant asking to have a judgment by default against him set aside so as to allow a defense must show by sworn statements specific facts that constitute a defense on the merits. Rich v. Hathaway, 18 Ill. 548; Constantine v. Wells, 83 Ill. 192; Roberts v. Corby, 86 Ill. 182; Little et al. v. Allington, 93 Ill. 253.

Such facts must be stated positively. A statement " on information and belief" is not sufficient. S. & N. W. Ry. Co. v. Ross, 88 Ill. 179; Hitchcock v. Herzer, 90 Ill. 543.

The affidavit of Hogue merely stated that certain information had come to his knowledge which led him to believe that Mrs. Plummer had made incorrect statements in her application as to her health, etc. It was insufficient.

Seeing no error in the record the judgment will be affirmed.