## American Home Circle v. Josiah Eggers.

1. DEMURRER—*when error in sustaining, cannot be complained of.* The sustaining of a demurrer to special pleas cannot be successfully complained of where the defense sought to be set up by such pleas was permitted to be received under the general issue.

2. FRATERNAL BENEFIT SOCIETY—*when action upon certificate not premature.* The commencement of an action upon a fraternal benefit certificate less than ninety days after the filing of the proofs of loss contrary to the provisions of the certificate, is not premature where the society had disclaimed all liability.

3. FRATERNAL BENEFIT SOCIETY—*what benefits cannot be recovered under certificate.* Where by the terms of a contract of insurance the filing with the society of a claim for disability is made a condition precedent to any benefits, no benefits for a disability continuing after the filing of such claim can be recovered without proof of the finding of an additional claim therefor.

4. INSTRUCTIONS—*must not submit questions of law to jury.* Instructions are erroneous which submit questions of law to the jury for their determination. Such errors, however, will not reverse where the questions of law so submitted were not in controversy upon the trial.

Assumpsit. Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

GEORGE W. KENNEY, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in *assumpsit* instituted May 7, 1906, by appellee against appellant, a fraternal beneficiary society, to recover certain disability benefits under the provisions of the certificate issued by appellant to appellee. Appellant pleaded the general issue and eighteen special pleas. A trial in the court below resulted in a verdict and judgment against appellant for $202.50.

It is first urged that the court erred in sustaining

appellee's demurrers to appellant's eighth, tenth and nineteenth special pleas. The defenses sought to be interposed under these special pleas were made under the plea of the general issue, and evidence was offered by appellant in support of the matters alleged in each of such special pleas. The error, therefore, if any, in sustaining demurrers to said special pleas was harmless and should not work a reversal of the judgment. Addems v. Suver, 89 Ill. 482.

The constitution and laws of the society, which were made a part of the contract of insurance, provide that upon the death or disability of a member, the board of directors shall within ninety days after proofs of death or disability are filed, pass upon the claim, and if allowed order payment to be made to the person entitled thereto. Appellee's proofs of disability were filed with appellant March 15, 1906, and this suit was instituted May 7, 1906, being less than ninety days after the filing of said proofs, and it is insisted that by the terms of the contract no cause of action had accrued when the suit was brought, and that the suit was prematurely instituted. It appears from the evidence that after appellant had been notified of the disability of appellee and his claim for benefit it refused to receive any further premiums tendered by appellee. This action on the part of appellant was tantamount to a denial by appellant of the right of appellee to membership in the society or to any benefits under his certificate, and operated to render the alleged limitation clause nugatory. In Williamsburg City Ins. Co. v. Cary, 83 Ill. 453, it was held that the insurance company having placed its refusal to pay the loss on the ground that there was no liability upon the company in any event, it could not avail of the limitation clause of the policy as a defense, and the court said: "The time given, in which to make payment of the loss, was of no value to the company, for it did not intend to pay at all, and the assured was at liberty to bring her action at once." The same doctrine was

announced by this court in Columbus M. L. Ass'n v. Plummer, 86 Ill. App. 446.

Section 104 of the constitution and laws of appellant provides in part as follows: "Members shall not be entitled to benefits for any disability caused wholly or in part by nervous prostration, general debility, vaccination, lumbago or lame back not resulting from accident, or any disease not common to both sexes."

In his proofs of disability filed with appellant together with his claim for benefits, appellee stated that the nature of his disability was nervous prostration, weak heart, poor digestion, lame back, nervousness and kidney trouble. It is insisted on behalf of appellant that as it was not made to appear in the claim filed by appellee that the nervous prostration and lame back with which he was afflicted, resulted from accident, there was no liability for benefits on account of such disability. The evidence tends to show that the several ailments from which appellee was suffering resulted from the accidental striking of the small of his back against a "nigger head" in a coal mine in which he was working. The failure of appellee to attribute his disabilities to an accidental cause, in his claim for benefits filed with appellant, did not estop him from showing the actual fact upon the trial and thus bringing his disability within the provisions of his contract for indemnity. The statement that appellee's disability was the result of an accident does not appear to have been withheld with any fraudulent design or improper motive. The issue as to whether appellee's disability was the result of a diseased condition existing at and before the benefit certificate was issued to him, or of an accident, was submitted to the jury by the instructions offered on behalf of both parties, and the finding of the jury upon that issue is abundantly supported by the evidence.

Some of the instructions given to the jury at the request of appellee are open to the criticism that they submit to the jury a question of law, viz.: the con-

struction of some phrases of the contract, but as the construction of the contract of insurance in the particulars involved in the instructions complained of, was not in controversy and is not open to question, no harm could have resulted to appellant.

It was error to permit a recovery of disability benefits up to the time of the trial and subsequent to the date of the filing by appellee of his claim therefor. By the terms of the contract of insurance the filing with appellant of a claim for disability by appellee was made a condition precedent to the receipt of any benefits, and benefits for a disability continuing after the filing of such claim are not recoverable without proof of the filing of an additional claim therefor. It is substantially conceded by appellee that he was only entitled to recover a disability benefit of $7.50 per week for twenty-one weeks, or a total of $157.50.

The verdict and judgment for $202.50 is, therefore, $45 in excess of the amount appellee was entitled to recover. If appellee will remit the amount of the excess within twenty days, the judgment will be affirmed for $157.50, othewise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed.