## MID-CONTINENT LIFE INS. CO. v. WALKER.

No. 16168.   Opinion Filed March 23, 1926.

Rehearing Denied Nov. 22, 1927.

**1. Appeal and Error—Reversal — Verdict Unsupported by Evidence.**

Where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and the Supreme Court will reverse any judgment based thereon and will remand the cause for a new trial.

**2. Insurance — Action for Disability Benefits—Erroneous Instruction on Date Payments to Begin.**

Where a policy of insurance provides the insurer will begin to pay benefits to the insured six months after proof of disability, and the court instructs the jury that if they find for the plaintiff, they shall assess his recovery of monthly benefits from the date of his disability, such instruction is erroneous.

**3. Same—Erroneous Instruction on Duration of Payments.**

Where a contract of insurance providing for payment of monthly benefits for total permanent disability during the life of the insured further provides: "The company (insurer) may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof or if it appears that the insured is no longer wholly disabled, * * * no further premiums shall be waived nor further income payments made to the insured," held, a verdict finding for the plaintiff and awarding him monthly benefits "until the defendant shall show that the plaintiff is no longer wholly disabled by bodily injuries or disease from engaging in any occupation or employment for remuneration or profit" is erroneous and will be reversed on appeal.

**4. Same—Recovery Limited to Benefits Accrued Previous to Filing Petition — Actions for Subsequently Accruing Benefits.**

Where a policy of insurance provides for the payment of monthly benefits only, and this only in the event of total disability. no recovery can be had for benefits accruing after the filing of the action, in the absence of an amendment to the petition to cover the period between the filing of the original petition and the time of the trial, the recovery being limited to the sum of the benefits accruing up to that time only, but this does not preclude the insured from filing action for successively accruing benefits.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Charles O. Walker against the Mid-Continent Life Insurance Company on a policy of insurance. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Rittenhouse & Rittenhouse, for plaintiff in error.

Pearson & Pearson, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

Plaintiff alleges that on June 12, 1923, defendant sold him an insurance policy insuring him in the sum of $2,500; that he paid the first premium, and the first amount due on the second premium in the sum of $20.68; that on July 10, 1923, he was thrown from a horse and his right hip injured, and the vertebrae in his back were jammed together, and that as a farmer he has been totally disabled; that his disabilities are permanent, and prays judgment against the defendant for the payment of $25 per month from July 10, 1923, and as long as he lives, and for $20.68, the amount of the premium advanced which should have been waived by defendant.

The policy was in the sum of $2,500, and provided in section "A" as follows:

"Section A. Permanent Total Disability— After one full annual premium shall have been paid upon this policy, and before a default in the payment of any subsequent premium, if the insured shall furnish the company with due proof that he has since such payment and before having attained the age of 60 years become wholly disabled by bodily injuries or disease, not occasioned by military or naval service or participation in aeronautic or submarine expeditions or operation and will be presumably thereby permanently, continuously and wholly prevented from engaging in any occupation or employment whatsoever for remuneration or profit, and that such disability has then existed for not less than 60 days, then:

"1. Waiver of Premium. Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on such anniversary waive payment of the premium for the ensuing year.

"2. Life Income to Insured. Six months after receipt of such proof, the company will begin to pay to the insured a monthly income of one per cent of the face amount of this policy, which income will continue during the lifetime and continued disability of the insured.

"3. Recovery from Disability. The company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor further income payments made to the insured."

After issue joined the cause was tried to a jury, under instructions from the court, properly excepted to by defendant, and after the refusal of the court to give certain instructions requested by defendant, the jury returned the following verdict:

"We, the jury, impaneled and sworn in the above entitled cause, do, upon our oaths, find for the plaintiff, and fix the amount of recovery at $398.34, the same being $25 per month from the date he was wholly disabled until the present time, and in addition thereto the sum of $20.68, the amount of premium paid by the plaintiff as premium on the policy of insurance, and the further sum of $25 per month hereafter until the defendant shall show that the plaintiff is no longer wholly disabled by bodily injuries or disease from engaging in any occupation or employment for remuneration or profit."

Defendant moved for judgment notwithstanding the verdict, which was by the court overruled, and thereafter defendant filed its motion for a new trial, which was by the court overruled, and judgment was entered, which in part was as follows:

"Judgment is hereby entered in favor of the plaintiff under said verdict against the defendant in the sum of $419.02 and interest thereon at the rate of six per cent. from November 8, 1924, until paid, and for the further sum of $25 for each and every month hereafter, commencing November 8, 1924, until the defendant shall show that the plaintiff is no longer wholly disabled by bodily injuries or disease from engaging in any occupation or employment for remuneration or profit, and all monthly payments not paid when due shall bear interest at the rate of six per cent. from the date they become due until paid; to all of said rulings and acts of the court, defendant excepts and its exceptions are allowed."

From this judgment the defendant appeals, and brings this cause here for review upon petition in error and case-made, and presents its case upon several assignments of error, and, first, consideration will be given to the sufficiency of the evidence to support the verdict.

This was a life insurance policy, and was not an accident policy. The only provision of the policy under which the insured might personally be entitled to benefits was the one providing for a $25 per month payment in the event he became totally and permanently disabled "by bodily injuries or disease" before attaining the age of 60 years. His right of recovery of one per cent. of his policy, or $25 per month, was contingent upon his total permanent disability. If this were an accident insurance policy, a different question would arise, but being primarily a life insurance policy, this special protection was

afforded the insured, not if he sustained an injury incapacitating him for one month or one year; not if he sustained a broken bone, but if he should become permanently totally disabled and "wholly prevented from engaging in any occupation or employment whatsoever, ·for remuneration or profit," then and in that event the defendant agreed to suspend payment of premiums, and pay the insured $25 per month during his life and pay his beneficiaries $2,500 at his death.

Very able and exhaustive.briefs have been submitted on the question of what constitutes total disability, and numerous cases are cited on this point. However, they were all decided under accident insurance policies, and we agree with them, in the main, and the rule most favorable to this plaintiff is found in the text in May on Insurance (4th Ed.) 552, as follows:

"Total disability from the prosecution of one's usual employment means inability to follow his usual occupation, business, or pursuits in the usual way. Though he may do certain parts of his accustomed work, and engage in some of his usual employments, he may yet recover, so long as he cannot to some extent do all parts and engage in all such employments."

This rule is particularly applicable, however, to those cases arising under accident insurance policies, where the policyholder is insured against accident preventing him from engaging in his usual employment, and where he is to receive so much per week while this total disability continues. In the instant case it covers "any occupation whatsoever for remuneration or profit," and it must be permanent. That is to say, there must be no hope or possibility, presumably, of the insured ever being able to engage in remunerative and profitable work. Most accident policies provide that the loss of certain members of the body, or the.existence of certain conditions, shall constitute total permanent disability, in which event the policy usually provides for the payment of a lump sum, or a sum certain at stated intervals for a stipulated period, and this court will not say that a man must be a helpless cripple, unable to walk, talk, or write before it will determine his injuries are such as to totally and permanently disable him, but before such condition will be declared to exist, there must be evidence to support it.

It is too well settled to need citation of authorities. that this court will not disturb the verdict of a jury where there is any evidence reasonably tending to sustain the same, and it is equally as well settled that unless there is some evidence reasonably

tending to sustain the verdict it will not be permitted to stand.

We assume the evidence as set out in plaintiff's brief is correct, and the evidence set forth therein is such as would be most beneficial to the plaintiff, and in the evidence of the plaintiff we find that after this accident of July 10, 1923, he picked cotton, hauled it to the gin, rode a cultivator, and in the winter following the accident, worked for sometime in the town of Bridgeport as a carpenter. He testifies he could not work continuously, but was required to rest frequently, and when the agent of the defendant visited plaintiff's farm he was picking cotton. The injury appeared to be caused by a condition of his spine due, as he alleged, to the injury. The year following the accident he materially increased the acreage he had been farming, but he had to employ men to do the work, and we are not unmindful of the fact that the larger the farm, the more help it will be necessary to employ. After he filed his claim, X-ray photographs were taken of his spine, and Dr. LeRoy Long testified that the normal man has five segments of the fifth lumbar vertebrae, but the plaintiff had six; that this was a congenital condition, that is, he was born that way; that the fifth and sixth segments were fused together, and the sixth was fused to the sacrum which is just below, and forms a part of the backbone; that at the time he saw him he could not do the average work of a farm, but he thought his condition was subject to improvement.

Dr. Cunningham found the same condition:

"That this condition causes a loss of motion in the spine, and as long as the condition is active, it causes pain. That a man in this condition could not walk long distances as well as if the condition did not exist. He could bend forward 80 per cent. of normal. Bend to left side normal, but only 10 to 15 per cent. normal to the right side, but cannot say he is permanently and wholly disabled from performing the usual work about a farm."

Dr. Johnson, the local physician to whom plaintiff first applied, testifies that he does not think he is wholly disabled; he is able to do' some things, ride a cultivator, but it would not be best for him; he can milk cows and chop cotton, but he does not think plaintiff will be able to do substantial work on the farm.

No one testifies, and perhaps cannot testify, whether this fusion of the fifth and the unusual and abnormal sixth segment, and the fusion to the sacrum, was caused by the accident or not, but assuming that while the

sixth segment was congenital, the fusion was caused by the accident, these eminent physicians and surgeons state that plaintiff's condition is subject to improvement, and after a review of the evidence most beneficial to the plaintiff, we cannot find any evidence reasonably tending to support the verdict.

"Where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and the Supreme Court will reserve any judgment, based thereon, and will remand for a new trial." Morris v. Purcell Bank & Trust Co. of Purcell, 85 Okla. 45, 204 Pac. 436; Sapp v. Hartford, F. & M. Ins. Co., 86 Okla. 87, 206 Pac. 814; McGraw v. Hildebrant, 69 Okla. 140, 214 Pac. 688; McKinney v. Biggs, 196 Okla. 266, 220 Pac. 459.

Defendant next complains of the instructions. The sixth is as follows:

"If your verdict should be in favor of the plaintiff he is entitled to recover $25 per month from the date he became wholly disabled from engaging in any occupation or employment whatsoever for remuneration or profit until this date, and thereafter $25 per month continuing during the life of the plaintiff, and for the further sum of $20.68 advance premium paid by the plaintiff."

We think the instruction erroneous for the following reasons: First. it instructs the jury the recovery, if any, should be from the date of the injury. The date from which in any event recovery might be had, must be governed by the contract of insurance, and the rules established for the construction of written instruments apply to contracts of insurance equally with other contracts. Liverpool & London & Globe Insurance Co. v. Kearney, 180 U. S. 132, 45 L. Ed. 460, 21 Sup. Ct. 326.

By reference to the policy we find that:

"Six months after the receipt of such proof (of disability) the company will **begin** to pay to the insured a monthly income of one per cent. of the face amount of this policy, which income will continue during the lifetime and continued disability of the insured."

There can be but one construction placed upon this clause, and that is, liability did not attach in any event until six months after proof, and plaintiff did not notify the company of his injury until three months after the happening thereof, and the instruction is manifestly erroneous wherein it would instruct the jury to allow recovery from the date he became wholly disabled, etc.

Again, it instructed the jury that it might allow plaintiff to recover judgment for the sum of $25 per month, continuing during the life of the plaintiff, and the jury returned a verdict for the plaintiff, and the court rendered judgment in favor of the plaintiff for compensation at the rate of $25 per month "until the defendant shall show that the plaintiff is no longer wholly disabled by bodily injury or disease from engaging in any occupation or employment for remuneration or profit." By this judgment the burden of proof to establish the fact that plaintiff is not totally disabled is placed upon the defendant, whereas the plain, unambiguous terms of paragraph 3 of section "A", under which this section is brought, provides specifically that if demand is made, the plaintiff must furnish due proof of such continued disability not oftener, however, than once a year, and upon his failure so to do, no further premiums shall be waived, nor further payments made to the insured. We can find nothing unreasonable in this requirement, any more than the proof of injury or disability in the first instance could be considered as such, and the instruction complained of, for all practical purposes, instructs the jury they may disregard this plain provision, which the jury did, as appears by the verdict and judgment, and under the judgment as rendered the plaintiff might sit idly by and invite the company to come and prove he was not totally disabled, and issue execution against the company as upon a final judgment.

If the plaintiff should recover, it is manifest the compensation must cease as the contract did not contemplate a permanent pension for a temporary injury, and while it is a rule of law firmly established that, if a policy of insurance is susceptible of two constructions, that one is to be adopted which is more favorable to the insured (Friend v. Southern States Life Insurance Co., 80 Okla. 76, 194 Pac. 204; Barnett v. Merchants Life Insurance Co., 87 Okla. 42, 208 Pac. 271), the provision of the policy referred to is not ambiguous and is susceptible of but one construction, and—

"The courts are powerless to make a new contract for him or to strike some words from the contract he made for himself, and insert others. * * * This we should be compelled to do, in order to sanction the charge to the jury. The plaintiff's right to recover is necessarily restricted to the time he was wholly disabled and prevented 'from the prosecution of any and every kind of business. * * *' "Saveland v. Fid. & Cas. Co. (Wis.) 30 N. W. 237.

The judgment complained of gives to the

plaintiff benefits that have not accrued, and which, in the course of events, might never accrue, and while our attention has not been directed to any case where this particular form of policy was involved, and we have been unable to find one, nevertheless the rule relative to weekly benefits is laid down in Corpus Juris, vol. 1, p. 515, as follows:

"In an action to recover weekly benefits for inability to labor, no recovery can be had for benefits accruing after the commencement of the action, and the recovery is limited to such number of weeks as the policy stipulates." American Home Circle v. Eggers, 137 Ill. App. 595; Rayburn v. Penn. Cas. Co., 141 N. C. 425, 54 S. E. 283; Employees Relief Ass'n v. Post, 122 Pa. 579, 15 Atl. 885, 2 L. R. A. 44.

In T. D. Robinson v. Exempt Fire Co. of San Francisco, 24 L. R. A. 715, the suit was filed in November, 1885, but not tried until November, 1893, and the Supreme Court of California reversed the trial court and held that only such benefits as had accrued up to the time of the trial were recoverable.

For the errors appearing in the record as herein pointed out, the judgment of the trial court is reversed and this cause remanded, with directions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. 856 §2835. (2) 29 C. J. p. 284 §9: 33 C. J. p. 146 §885. (3, 4) 29 C. J. p. 283 §9 (Anno).