GEORGE H. RISHMILLER v. PRUDENTIAL INSURANCE
COMPANY OF AMERICA.[1]

August 17, 1934.

No. 30,002.

*Mart M. Monaghan,* for appellant.
*Shearer, Byard & Trogner,* for respondent.

*LORING, Justice.*

This case comes to the writer on reassignment.

In an action to recover damages for breach of a life insurance contract providing for total and permanent disability benefits,

[1]Reported in 256 N. W. 187.

plaintiff had a verdict for $2,990. Upon the usual blended motion, the trial court ordered judgment for the defendant notwithstanding the verdict, and the plaintiff comes here upon appeal from the judgment entered pursuant to that order.

The appellant's ward, hereinafter called the plaintiff, is the holder of a 20-payment life insurance policy for $2,000 with the defendant insurance company. The policy provides for double indemnity in case of accidental death and for the payment of $20 per month total and permanent disability benefits in case of total permanent inability to perform gainful work. The periodical premiums payable thereunder are divided between the life, accident, and disability features, and the share of premium applicable to each is specified. The policy was dated December 12, 1923, and in November, 1930, formal application was made to respondent for payment of disability benefits on the ground that the insured had become totally and permanently disabled. The application was accompanied by a physician's statement in which the physician gave his opinion that the disability was not of a permanent character. In March, 1931, plaintiff furnished to the defendant the certificate of another doctor stating that the plaintiff was suffering from arteriosclerosis and chronic influenza of the mid-vertex region of the brain, a condition which, in his opinion, was permanent. It was not stated in the certificate to what extent the disability affected the plaintiff's ability to engage in any kind of gainful occupation. May 23, 1931, the defendant addressed a letter to the plaintiff which stated that the defendant had given careful consideration to all of the evidence submitted in regard to the plaintiff's disability. It then explained to him the character of the policy provisions in regard to benefits payable thereunder. The letter closed with the following paragraph:

"Under date of April 27 [1931], we had Mr. Rishmiller examined by one of our company physicians and in the doctor's opinion the insured should ultimately recover. In view of this favorable prognosis, rather than disallow the claim, we feel it advisable to defer final action for a period of six months, at the expiration of which time no doubt a much more definite decision can be rendered as to

the permanency of the insured's present disability. This action will in no way penalize the insured and in the event favorable action is taken upon his claim benefits will revert to the date on which satisfactory proof of total and permanent disability was first received. If at the expiration of the stipulated waiting period the insured is still disabled, we will gladly give the claim further consideration upon the presentation of a statement from his attending physician."

The plaintiff has continued to pay and the defendant has accepted all the necessary premiums to keep the policy in force in all of its life, accident, and disability features.

The defendant contends that the plaintiff cannot recover the present value of monthly disability benefits on the theory that the defendant has repudiated its obligation and further that the evidence is conclusive that the defendant has never repudiated any of its obligations under the contract but has always treated the contract as being continuously in full force and effect. It further contends that in any event the verdict of the jury is not supported by the evidence.

The learned trial court was of the opinion that there was no repudiation of the disability features of the contract, and with that view we are in full accord. The tenor of defendant's letter hereinbefore quoted shows quite clearly that what it really did was to deny that there had arisen a condition under which it was obligated to pay as provided in the disability clause. It does not repudiate its contract or question the entire validity of that contract. In fact, if we understand the plaintiff's position aright, he does not claim any such anticipatory repudiation, but regards the defendant's action in requesting "satisfactory" instead of "due" proof as a normal breach, which he asserts gives him the right to recover the present value of the disability payment which would come to him during his expectancy of life. We do not see a repudiation in the request for "satisfactory" proof. It would be hairsplitting to hang such a repudiation upon any distinction between that term and the "due" proof required by the contract. In Jarvis v. N. W. Mut. R. Assn.

102 Wis. 546, 549, 78 N. W. 1089, 72 A. S. R. 895, the court defined "due proof" as follows:

"The contract required due proof of the claim. That gave the assurer, necessarily, authority to require reasonable proof of the existence of the conditions upon which the claim against the company under the contract was based. The term 'due proof' did not require any particular form of proof which the assurer might arbitrarily demand, but such a statement of facts, reasonably verified, as, if established in court, would *prima facie* require payment of the claim."

We think the word "satisfactory" was used in that sense by defendant in its letter and must have been so understood by plaintiff.

■ To a large extent plaintiff relies upon Federal L. Ins. Co. v. Rascoe (C. C. A.) 12 F. (2d) 693. In that case, after making payments which aggregated a considerable sum under the accident provision of its policy, the insurance company evidently took the position that there was no longer any liability thereunder and refused further payment. The plaintiff sued upon the theory of anticipatory breach of an executory contract, and the court took the position that because the contract required the plaintiff to submit every 30 days to an examination and make a report thereof in writing to the company such contract was still executory on her part, and it allowed a recovery on the basis of present value of the payments which would come due during her expectancy. The decision was by a divided court, two judges forming the majority and Circuit Judge Denison writing a dissenting opinion, the logic of which was approved by this court in Garbush v. Commercial Travelers, 178 Minn. 535, 228 N. W. 148. Judge Denison said [12 F. (2d) 697]:

"Where his part of the contract has been executed by the plaintiff, he has nothing to do but to wait, and to do so continues to be in his power. His position will not be prejudicially changed by defendant's repudiation; and hence he will have no estoppel to rely upon to precipitate the defendant's obligation. It follows that, not only by its authority, but upon sound principles, the exception made in Roehm v. Horst [178 U. S. 1, 20 S. Ct. 780, 44 L. ed. 953], should

be recognized and applied, and not dissipated by hesitant application.

"I do not understand 'that a contract sued upon is executory, as against a plaintiff, unless it binds him to do something, so that an action may lie against him for specific performance, or for non-performance. By that definition the contract here sued upon is not executory on the plaintiff's part. She is merely obliged from time to time to furnish evidence, if and when she wishes payment; what she must do is, in kind, like presenting a note for payment at a particular place, although it is more burdensome in degree; after all, it is a condition, not an obligation.

"Further, I do not find in the facts such an absolute repudiation of the contract as justifies the application of the anticipatory breach rule. Such a repudiation cannot be found in the final cancellation made by the insurance company; that cancellation was an act in express pursuance of the contract, and not in repudiation of it; it was a termination of future liability, and not at all a repudiation of any accrued and existing obligation. Nor can it be found, as I think, in the refusal to pay. What defendant really did was to deny that there was any breach which had obligated it to pay or which obligated it to pay any more. Defendant never has questioned the entire validity of the contract, or denied its continuing liability to pay anything which, under the contract, it ought to pay. While there are decisions which find the necessary basis in the mere denial or breach, I doubt whether they give due regard to what ought to be the character of a repudiation effective to create an obligation inconsistent with the express terms of the contract.

"In my judgment, this case illustrates the evils of laxity in permitting a premature recovery. In such a case as this (as facts often are, though possibly not in this case), plaintiff in a year or two may recover entirely or (if the case is as bad as here claimed) is very likely not to live long. In either case the true liability is for a short term; but the recovery has been upon the basis of the full expectation of life of a healthy person,—though no error in this respect was duly saved."

Aetna L. Ins. Co. v. Phifer, 160 Ark. 98, 254 S. W. 335, is also relied upon, but the subsequent case of Manufacturers F. Co. v. Read, 172 Ark. 642, 290 S. W. 353, more nearly coincides with the views expressed by Judge Denison.

Howard v. Benefit Assn. 239 Ky. 465, 468, 39 S. W. (2d) 657, 658, 81 A. L. R. 375, was a suit to recover the present value of monthly indemnity for total disability due to illness. The court held that there could be no recovery for such present value, saying:

"Under a contract like this the appellant should not be permitted to recover payments which, by reason of his death or recovery from his illness, might never accrue."

We conclude that in this case there was no such absolute and unqualified repudiation of the contract as is required to put into effect the rule in regard to anticipatory breach. Restatement, Contracts, § 318, and Minnesota annotations thereto. Nor might the plaintiff recover the present value of future monthly indemnity for what he chooses to call normal breach. If, as plaintiff claims, he was totally and permanently disabled, his part of the contract had ceased to be executory. All that was required of him was evidence, not performance. Defendant's obligation was merely to pay certain sums of money on certain dates as long as plaintiff lived or suffered the disability. Such a situation does not give plaintiff the right to the present value of future payments. He must await the due dates. Alger-Fowler Co. v. Tracy, 98 Minn. 432, 107 N. W. 1124. (The difference between a contract to pay money and one to give a negotiable promissory note is clear.) In Daley v. Peoples B. L. & S. Assn. 178 Mass. 13, 18, 59 N. E. 452, 453, Chief Justice Holmes said:

"A mere refusal to pay money when due, especially a refusal based upon the terms of the contract and in good faith although mistakenly believed to be justified by it, is not a repudiation of the contract and does not warrant a rescission. The only remedy is a suit upon the contract, not a suit for the consideration."

Metropolitan L. Ins. Co. v. Lambert, 157 Miss. 759, 128 So. 750; Donlen v. Fidelity & C. Co. 117 Misc. 414, 192 N. Y. S. 513; Menssen

v. Travelers Ins. Co. (D. C.) 5 F. Supp. 114; Woods v. Provident
L. & A. Ins. Co. 240 Ky. 398, 404, 42 S. W. (2d) 499; Mid-Con-
tinent L. Ins. Co. v. Walker, 128 Okl. 75, 78-79, 260 P. 1109; State
L. Ins. Co. v. Atkins (Tex. Civ. App.) 9 S. W. (2d) 290, 292.

Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. ed. 953, largely
relied upon by the plaintiff, merely declares that where a contract
is executory on both sides and repudiated by one of the parties there-
to, the other may have his damages assessed for an anticipatory
breach, but it excepts from that rule cases where the contract on
the plaintiff's part is not executory. We regard the requirements
made of the plaintiff in the case at bar as mere furnishing of evi-
dence of right under the contract. The unperformed part of the con-
tract here before us was merely the obligation on the part of the
defendant to pay money at specified times when evidence of the
obligation to do so was furnished by the plaintiff. Certainly the
evidence furnished with the application for disability benefits fell
far short of due proof, *prima facie* requiring payment. It was prop-
erly considered to be unsatisfactory by the defendant. So might it
well consider the later evidence of Dr. Schmidt. We do not pass
upon the sufficiency of the evidence adduced at the trial in support
of the allegation of permanent disability. The plaintiff, if he is
permanently disabled and submits due proof thereof, is not barred
of his right to recover the instalments which by the terms of the
contract are past due.

The judgment appealed from is affirmed.