MASSACHUSETTS BONDING & INS. CO. v. REEVES.

No. 30805. Jan. 25, 1944.

*145 P. 2d 381.*

Hudson & Hudson, of Tulsa, for plaintiff in error.

Ward & Ward, of Tulsa, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of plaintiff below, in an action brought by defendant in error, herein referred to as plaintiff, against the plaintiff in error, defendant below, to recover for failure to compensate plaintiff for certain alleged accidental injuries under the provisions of a "voluntary compensation endorsement" made a part of a workmen's compensation insurance policy.

Defendant issued to L. C. Clark, doing business as the Clark-Darland Hardware Company, a combination employ-

er's liability and workmen's compensation insurance policy which, in addition to the usual provisions, contained what is termed a "voluntary compensation endorsement" with the following provisions:

"If any employee included in this Policy and its premium shall sustain injury arising out of and in the course of an employment described in said Policy, which employment is not subject to the provisions of said Workmen's Compensation Law, but such injury is sustained under circumstances which would have rendered this Employer liable for compensation and other statutory benefits if the employment in which the injury was sustained was subject to the provisions of said Workmen's Compensation Law, then the Company agrees to voluntarily pay on behalf of this Employer the same compensation and the same medical, surgical, hospital and other statutory benefits to or for such injured employee, as would have been paid if the injury had been sustained in an employment included in the Workmen's Compensation Law; subject, however, to all the limitations, provisions and requirements of such law."

Plaintiff was an employee of Clark-Darland Hardware Company in an employment not within the provisions of the Workmen's Compensation Law. On or about January 15, 1940, plaintiff, while in such employment and while said policy was in effect, sustained certain accidental injuries which plaintiff contends resulted in his permanent total disability. Plaintiff admits that he was paid compensation for the period from January 15 to November 1, 1940. Defendant, through its agent and adjuster, notified plaintiff that it would make no payments from and after November 1, 1940. Under the claim that he had not been compensated by defendant, plaintiff commenced this action on February 20, 1941, to compel payment. He alleges in his petition that he sustained permanent total disability. The cause, nature, and extent of his injuries as alleged in the petition are:

" . . . That he tripped and fell backwards over, upon and against a certain iron stove causing plaintiff to suffer and sustain serious, painful and permanent shock to his nerves and nerve system, further injuring, impairing, destroying, bruising and straining the muscles, tendons and tissues, bones and boney structures in the region of plaintiff's back, hips, spine, spinal column, sacro iliac joint, both legs, and in a manner not more clearly known to the plaintiff, completely and totally disabling said plaintiff, rendering him incapable of performing any services whatsoever for his said employer, or any other person."

And:

"Plaintiff states that his said injuries are permanent in character and by reason thereof he is entitled under and by virtue of the defendant's contract of insurance executed for his benefit, as herein set out, the sum of six thousand ($6,000.00) dollars."

It is then alleged:

"That on account of premises considered on account of defendant's failure to pay reasonable temporary total compensation and failure to furnish medical and surgical attention, and further to compensate plaintiff for his said injury and resulting permanent disability, as provided in said insurance contract and agreements for his benefit, he has been damaged in the sum of seven thousand twenty and 08/100 ($7,020.08) dollars."

Defendant answered by general denial, admitting the execution of the policy with the endorsement as alleged in the petition.

Trial was to the court without a jury. The plaintiff produced evidence tending to establish his allegations that he was permanently totally disabled. The evidence of the defendant was to the effect that plaintiff's disability was temporary in character, and that plaintiff had fully recovered with probable recurrence of periods of disability.

The finding of the court was:

" . . . That the plaintiff received the accidental injuries and sustained physical disability set out in the petition of the plaintiff and in the circumstances as set out in the petition, and that the defendant has breached the contract sued on herein by failure to pay plaintiff the amount due thereunder."

The conclusions were:

" . . . That the plaintiff has been damaged in the sum of thirty-six hundred ($3,600.00) dollars, and that the defendant should be required to pay the plaintiff the said sum of thirty-six hundred ($3,600.00) dollars, under said contract."

Judgment was for plaintiff for $3,600 in a lump sum, as damages for breach of the contract.

Defendant appeals, and the sole question presented is that the judgment is excessive in that judgment could be allowed only for the amount due at the time the action was commenced.

Plaintiff must rely upon the provisions of the "voluntary compensation endorsement" attached to the policy. Defendant's liability is limited to the provisions therein. Under said endorsement plaintiff could recover nothing unless he could establish a state of facts which would have entitled him to compensation under the Workmen's Compensation Act, for some period after November 1, 1940, had his employment been such as to come within the provisions of said act. When he did establish such state of facts, defendant would be required to pay only to the extent and in the manner provided by the Workmen's Compensation Law.

The question before the court was the extent and nature of plaintiff's disability. If his disability was permanent total, compensation would come under subdivision 1, section 13356, O. S. 1931, in effect when the injury occurred. His injury was not the loss of any of the members of the body mentioned in said subdivision; therefore, the question of whether his disability was permanent was to be determined in accordance with the facts under the "In All Other Cases" provisions of said subdivision 1, section 13356, supra.

If plaintiff's disability is permanent total, his compensation would be 66 2/3% of his average weekly wages. It was established that plaintiff's weekly wage was $18. Under said subdivision, if disability was permanent total, plaintiff would be entitled to $12 per week, payable weekly, during the period of such disability, not exceeding 500 weeks.

Under the Workmen's Compensation Act, payment would be in weekly installments. This action was commenced on February 20, 1941. There could have been no more than 14 weekly installments due at that time, and no more than 33 installments due at the time of the trial.

In Mid-Continent Life Insurance Co. v. Walker, 128 Okla. 75, 260 P. 1109, it is held:

"Where a policy of insurance provides for the payment of monthly benefits only, and this only in the event of total disability, no recovery can be had for benefits accruing after the filing of the action, in the absence of an amendment to the petition to cover the period between the filing of the original petition and the time of the trial, the recovery being limited to the sum of the benefits accruing up to that time only, but this does not preclude the insured from filing action for successively accruing benefits."

In Allen v. National Life & Accident Insurance Co., 228 Mo. App. 450, 67 S. W. 2d 534, it is held:

"Where nothing further remained to be done by insured, and insurer had wrongfully ceased to make periodic payments on account of total disability, insured could recover only for payments due when suit was filed, and not for commutated benefits based on life expectancy."

In Buis v. Prudential Insurance Co. of America, 229 Mo. App. 190, 77 S. W. 2d 127, it is held:

"In action for permanent and total disability benefit in life policy providing for payment of face amount of policy in quarterly installments, permitting recovery of face amount as gross sum with interest, in excess of installments due, *held* error."

In American National Insurance Co. v. Briggs (Tex. Civ. App.) 70 S. W. 2d 491, it is held:

"Under accident policy providing for payment of benefits in monthly install-

ments, denial of liability under policy did not accelerate maturity of future installments, and insured could not recover for installments not matured."

In Rishmiller v. Prudential Insurance Co., 192 Minn. 348, 256 N. W. 187, it is held:

"Plaintiff was not entitled to recover the present value of future installments of disability benefits based on his 'expectancy but is confined to a suit upon the contract for past-due installments if he establishes his right thereto."

In Mutual Life Insurance Co. of New York v. Marsh, 186 Ark. 861, 56 S. W. 2d 433, it is held:

"In action on disability clause of policy, where insurer did not repudiate contract, but contended merely that insured was no longer entitled to monthly benefits thereunder, insured *held* not entitled to recover present value of benefits payable monthly during insured's life expectancy, but merely benefits matured at commencement of suit."

In Pan-American Life Insurance Co. v. Welch et al. (Tex. Civ App.) 74 S. W. 2d 408, it is held:

"Where recovery, under certificate of group insurance which provided for payment in lump sum or in series of installments in case of disability, was for disability benefits and not death insurance, judgment in lump sum *held* error, and refusal of insurer to pay any installments did not accelerate payment, but judgment should have been for installments due under plan pleaded in alternative."

Plaintiff contends that because there is no provision of law under which the court could reconsider, plaintiff may recover all the benefits under the policy, whether accrued or not, by way of damages because of alleged breach of the contract. He overlooks the provision of section 22, Title 23, O. S. 1941, which provides:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

Under the above authorities and the statute above quoted, the court had no authority to render judgment for a greater amount than was due under the terms of the obligation at the time the action was commenced, or, under proper amendment, the amount due at the date of the trial. The judgment rendered is far in excess of such amount.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed, and without prejudice to the *right of plaintiff to amend so as to claim* for installments matured at the time of new trial, if any is had, and without prejudice to a future suit on installments not then due.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., absent.