## PUCKETT et al., Respondents, v. NATIONAL ANNUITY ASSOCIATION, Appellant.

**St. Louis Court of Appeals, December 15, 1908.**

1. **CONTRACTS: Periodical Payments.** When payments of money are to be made periodically, separate actions may be maintained in succession for the installments as they mature, but all sums due when an action is begun must be included in the action, for a judgment would bar any further action for such sums already due.

2. ————: ————: **Benefit Certificates: Breach of Contract.** Where a member of a beneficiary association, which issued benefit certificates for the payment of annuities on occurrence of certain disabilities, was disabled by the loss of an eye whereby the association became liable to him for an annuity of three hundred dollars per year for ten years payable quarterly, and where the association paid the first installment and then refused to make further payment by reason of being misinformed as to the nature of the injury, the member could not then elect to treat the contract as breached and sue at once for the present value of the annuities, but could only recover the installments due at the time of the institution of the suit.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

REVERSED AND REMANDED.

*David C. Finley* and *F. H. Bacon* for appellant.

(1) A fraternal beneficiary society is a creature of the statute. It can exercise no powers except as conferred by statute, and a member is bound to take notice of all the limitations and restrictions found in the statute relative to contracts of this kind. Ferbrache v. Grand Lodge A. O. U. W., 81 Mo. App. 268; Lister v. Lister, 73 Mo. App. 99; Montgomery v. Whicbeck (N. D.), 96 N. W. 327. (2) It being conceded that the defendant is a fraternal beneficiary society, the court must construe the contract and award relief in accordance with the terms of the contract. To give judgment

for the present value of the annuity is to give plaintiffs an undue advantage over the other members of the society. Boyd v. Southern Mut. Aid Assn. (Ala.), 41 South. 645; Knights Templar v. Vail, 68 N. E. 1105; Brenizer v. Supreme Council, 59 S. E. 855; Reynolds v. Supreme Council R. A., 78 N. E. 129; Supreme Council v. Brashears, 89 Md. 624, 43 Atl. 869. In Supreme Council v. Ainsworth, 71 Ala. 426, it is said: "The fundamental principle of such organizations is the mutuality of duty and equality of the rights of the members without regard to time of admission." This principle was clearly established by the Supreme Court of North Carolina in the recent case of Brenizer v. Supreme Council Royal Arcanum, 75 S. E. 835. The doctrine is also clearly established in the case of Knights Templar v. Vail, 68 N. E. 1105.

*W. B. & Ford W. Thompson* for respondent.

(1) There is but one question in the case, and that is the proper measure of damages. We submit that the measure of damages is that which is incorporated in the declaration of law given by the court, namely, the amount due, with interest to date of trial, together with the present value, as of the date of trial, of all payments that would become due, and that it involves no other than the elementary principles of law governing a simple suit for breach of contract. Sedgwick on Damages (8 Ed.), secs. 642, 643, 644, pp. 302, 303, 304 and 305; Schell v. Plumb, 55 N. Y. 592; Parker v. Russell, 133 Mass. 74; Trustees of Howard College v. Turner, 71 Ala. 429. (2) A suit on this contract to recover any one of these installments would preclude the plaintiff from bringing any suit thereafter, because of the rule established by the following text writers and authorities: Freeman on Judgments, sec. 238; Booge v. Railroad, 33 Mo. 212; Wagner v. Jacoby, 26 Mo. 532; Kerr v. Simmons, 9 Mo. App. 376, 82 Mo. 269.

GOODE, J.—Appellant is a fraternal order and issues benefit certificates for the payment of annuities on the occurrence of death or certain disabilities. These respondents held a certificate which provided, among other things, that if Walter Puckett was partly disabled by the loss of an eye, respondents should receive an annuity of $300 for ten years, payable in quarterly installments of seventy-five dollars each. The insured accidentally lost the sight of his right eye on October 5, 1905. In March, 1906, appellant allowed his claim for an annuity under the policy, and in the month of April paid him and his corespondent the first quarterly installment of the annuity for said year, to-wit, $75. It afterwards refused to pay other installments, and on March 5, 1908, this action was instituted to recover $2,925, as respondents' total damages sustained by appellant's breach of the contract of insurance. The answer admits appellant is a beneficial association existing under the laws of this State, and that it issued the certificate mentioned in the petition, whereby respondents became members of the beneficial department of a subordinate assembly in St. Louis, and entitled to all the privileges accorded to members by the order's constitution and by-laws; admits appellant agreed to pay respondents, or the survivor, an annuity for ten years, payable quarterly, in the event that while members in good standing in the association, one of them should suffer complete and permanent loss of the sight of an eye; the payment to commence within ninety days from the date when proof, in due form, was furnished the association. The other averments of the petition were denied. At the trial these facts were admitted by appellant in open court: the constitution and by-laws of appellant were part of the contract of indemnity; under section 5, article 7 of the by-laws, either of respondents was entitled to an annuity of $300, payable quarterly, in the event of the complete loss of one eye; appellant was a fraternal beneficial association, de-

pendent on the monthly collection of assessments from its members to meet its obligations and only paid benefits in the shape of annuities; it had paid one installment of the annuity in this case, but had failed to pay other installments because of erroneous information from its physician and other parties, as to the nature and extent of the injury to Walter E. Puckett; admitted he had sustained the loss of an eye, which entitled him to an annuity sued for. Appellant offered to allow a judgment to be entered in favor of respondents, for all unpaid arrearages accrued up to the date of the trial, with interest on each installment from the time it fell due, and with a clause providing that an execution should issue if any future installment failed to be paid within ten days from the date it fell due, on the filing of an affidavit of said fact by respondents. Some of the matters admitted were not alleged in the petition; but attached to the petition was the benefit certificate, which provided it was subject to the laws of the association and that the constitution and by-laws were part of the contract. These show appellant depends on the collection of monthly assessments and dues from its members to meet obligations, and that only annuity benefits are paid. What the parties disagreed about was whether respondents were entitled to a judgment for no more than the installments of annuity which were due at the date of the trial, with interest from their maturity; or a judgment for the present worth of all the unpaid installments which had accrued or would accrue thereafter, during the entire annuity period of ten years. The court took respondents' view of the question, computed the present worth of the various installments which would accrue in the future, added said amount to the amount of past-due installments and interest and entered judgment for the total sum, to-wit, $2,637.52. At respondents' request the court declared the law as follows: respondents were entitled to recover the amount of all quar-

terly payments due after April, 1906, when the first installment was paid by appellant, with interest on said subsequent installments to the date of the trial, March 5, 1908; and also in addition thereto, the present value of all payments that were yet to become due and payable; and that in computing this value, interest must be allowed, compounded annually, at the rate of six per cent on each installment that was to become duo and payable after March 5, 1908, in favor of the defendant. An exception was saved to said declaration of law, and also to the judgment rendered. Appellant asked the court to find respondents were entitled to recover of appellant the quarterly payments which fell due July and October 1, 1906, January, April, July and October 1, 1907, January 1, 1908, and that another installment of seventy-five dollars would fall due April 1, 1908; to enter judgment for $553.85 for unpaid installments, with interest; that appellant pay respondents, or their assigns, quarterly thereafter, beginning April, 1908, the sum of seventy-five dollars; and in case this was not done for the period of ten days after the maturity of an installment, respondents should have an execution for the sum in default, on the filing of affidavit of non-payment with the clerk. It will be perceived the court treated the contract of indemnity as one which entitled respondents when it was breached by appellant, to recover at once the whole of the annuities that should be paid during the entire indemnity period.

The question to be determined is presented in an unusual phase; for commonly it appears as a plea of former recovery asserted against a plaintiff's right to maintain a second suit for damages for the breach of a contract, on the ground that the entire damages ought to have been recovered in the prior action; but the same principles and authorities must be resorted to for the rule of decision when parties insist, as these respondents do, they had the right to sue for total damages, both

present and prospective. Respondents contend they not only had this right, but were bound, on pain of being barred by the judgment herein of their remedy for future annuities, to embrace in a single action, not only installments already due, but those which would fall due in the future. That they were compelled to do this is an untenable proposition; for the recent authorities hold, without exception, as far as we are advised, that when payments of money are to be made periodically, separate actions may be maintained in succession for installments as they mature, subject to this proviso; all sums due when an action is begun, must be included in it. [3 Parsons, Contracts (9 Ed.), 209; 1 Ency. Pl. and Pr., 154; Union R. R., etc., Co. v. Traube, 59 Mo. 355, 362; Adler v. Railroad, 92 Mo. 292; Kerr v. Simmons, 9 Mo. App. 376; Priest v. Deaver, 22 Mo. App. 276; Williams v. Kitchen, 40 Mo. App. 604; West v. Moser, 49 Mo. App. 201; Miller v. Railroad, 13 N. Y. Supp. 711; Lorillard v. Clyde, 122 N. Y. 41, 45.] In the Traube case it was said a judgment concludes the rights of the parties in respect of the cause of action stated in the pleadings on which it is rendered, whether they embrace the whole or only part of the demand sued on; and for this reason; an entire claim arising either on a contract or a wrong, may not be split into several actions; but if the demand arise out of a distinct transaction, the rule is otherwise. And that even if several claims payable at different times, arise out of the same contract, separate actions may be brought as each liability accrues; but in that event, if no action is brought until more than one payment is due, all that are due must be included in the action, and if one is omitted, a judgment in the case will be a bar to a second action to recover it, citing Reform Dutch Church v. Brown, 54 Barb. 191. In the Lorillard case the court said it was doubtless true as a general proposition, that each default in paying money due in installments, may be the subject of an independent action, provided it is

brought before another installment falls due; but every action must include all installments due when it is commenced, unless special circumstances exist which suffice to create an exception. No doubt respondents might have brought an action for the annuities due when they sued, and have obtained judgment for those without barring other actions for subsequent annuities. But instead of suing for the annuities called for by the contract, either such as were due, or those to fall due subsequently, or both, respondents have declared for a breach of the entire contract, and pray judgment for their total damages, to be measured by adding the amount of the installments already due with interest on them, to the present worth of the annuities to accrue later. This kind of an action lies only on the theory that the contract declared on had been breached to an extent which amounts to an abandonment of it by the party sued. There are several classes of cases in which such a remedy is available; therefore the ultimate question is not whether respondents were bound to sue for total damages; but whether the facts of the present case throw it into one of the classes wherein the obligee of a contract is permitted to treat it as abandoned by the obligor. Otherwise stated, the inquiry is this: conceding respondents might have sued for the installments of annuities as they fell due, could they elect to sue for breach of the contract as a whole and recover not only past due installments, but those not yet due? We know no principle which will harmonize all the decisions germane to this inquiry; for some of the earlier ones, at least, went far toward requiring all damages, past and future, to be recovered in one action. [Bendernagle v. Cocks, 19 Wend. 207; Colvin v. Corwin, 15 Wend. 557.] These cases have been adversely criticised in later decisions by the court which rendered them. [Secor v. Sturgis, 16 N. Y. 548; Perry v. Dickerson, 85 N. Y. 345.] They are to be distinguished from cases in which the aggrieved party was merely per-

mitted to recover both present and prospective damages in one action on contracts held to be indivisible. The diversity of opinion occurs chiefly on the question of what agreement, or what stipulations in agreements are separable, so that partial damages may be recovered in separate actions. Courts have ruled that a person employed for a definite period, say a year, at a salary to be paid in weekly or monthly installments, may treat the contract as abandoned by the employer, and recover total damages in one action, if the employer, when the work should begin, refuses to allow the employee to enter into service and repudiates the hiring. [Booge v. Railroad, 33 Mo. 212; Lewis v. Insurance Co., 61 Mo. 354.] So, if a person agrees to support another for life and breaches the contract, the other party may elect to treat the breach as absolute and recover the whole value of the contract. [Parker v. Russell, 133 Mass. 74.] It has been held that in an action on a single contract for the periodical delivery of goods to be paid for in installments, if the purchaser refuses to accept a delivery and declares he will be no further bound by his engagement, the seller may recover as damages, not only what is due, but the profits he would realize on future deliveries. [Nichols v. Steel Co., 137 N. Y. 471.] It will be perceived the theory of such decisions is that the acts of the defendants amounted to abandonments of their agreements, so that nothing the plaintiffs could do in the way of payment or tender of performance, would have induced further performance by the defendants. Cases which do not compel, but only permit, the party aggrieved to sue for total damages; that is, do not bar later actions because of a former recovery of one or more installments in an action brought for them alone, fall short of completely covering the question before us; which, as said, goes rather to respondents' right to elect to sue for a complete breach and total damages, as they have done. An eminent tribunal has considered this ques-

tion and held a simple default in meeting an installment of money when due, does not constitute a repudiation or abandonment of the contract, so as to empower the creditor to sue for and recover payments which would fall due in the future. In Wharton & Co. (incorporated) v. Winch, 140 N. Y. 287, the plaintiff sued for profits it would have made under a contract to construct a street railway. The defendant had failed to meet certain payments as the work progressed; whereupon, after some correspondence, the plaintiff elected to treat the contract as abandoned and demanded prospective profits as part of its damages. Without denying there might be cases in which a refusal to make a stipulated payment would be so arbitrary and unreasonable as to constitute an abandonment of the contract, the court held a single default would not suffice for this purpose. In McCready v. Lindenborn, 172 N. Y. 400, the same doctrine was declared regarding the failure of a tenant to pay an installment of rent when due. This default was held not to justify the landlord's treatment of the contract as repudiated, or to support his demand of the rent which had been earned and all that would accrue during the remainder of the term. The court said the breach of an agreement to pay money in installments was not a breach of an entire contract; pointing out that if a mortgagor refuses to pay installments of interest as they mature under a mortgage, and even if he refuses to recognize the mortgage as in force, the mortgagee cannot, in the absence of a special provision, call the whole indebtedness due; that there is a distinction, whether well grounded in principle or not, between a contract for the payment of money in future installments, and a contract for the delivery of goods in that manner, or one for future service. The true idea would seem to be that though the installments are called for by one contract, the intention of the parties would be violated if they were thrown together as having matured, merely because one was not paid at

maturity. Sometimes what appears to be a fiction is resorted to by the courts; and it is held that though the installments accrue. under one contract, there are distinct stipulations as to the times of payment.

Applying the foregoing authorities to the case at bar, we call attention to the form of the admission of appellant concerning its default in paying the breached annuities when they accrued. Appellant admitted it had paid one installment of annuity and "failed to pay the other installments because of misinformation from its physicians and other parties as to the nature and extent of the injury." No more can be made of said admission than that appellant omitted to make its payments because it was erroneously advised concerning the injury, which was far from being an absolute repudiation of the contract; for it is reasonable to conclude that if the facts were made to appear, appellant would perform its agreement; as indeed it offered to do after it had learned the truth.

We apprehend total damages cannot be recovered except when this can be done consistently with the terms of the agreement, and without enlarging the rights of the aggrieved party beyond what both parties may be supposed, in reason, to have contemplated when they came to their agreement. The purpose of the rule, or the group of rules, with which we are concerned, is to prevent a defendant from being put to the expense and annoyance of several actions to enforce rights arising from a single cause of action, when complete redress can be afforded in one suit. To realize this purpose, the obligee of a broken agreement will be barred of a second action for damages which he might have obtained in the first one. [Wagner v. Jacoby, 26 Mo. 532; La Crosse Lumber Co. v. Ag., etc., Society, 59 Mo. App. 24. Sutherland, Damages (3 Ed.), sec. 106.] The doctrine ought not to be extended further than is necessary to prevent the mischief to be obviated. Therefore another ground on which we put our decis-

ion is this: if an obligee will not be barred of actions for installments not. due when he sues for some which are due, and a plain term of the contract is that the money shall be paid at successive periods, he ought not to be allowed to recover these except as they fall due. Stipulations in the contract in suit were, that any liability under it should be paid in the form of annuities in quarterly installments, and that the means of defraying these payments should be the dues and assessments collected monthly from members. These provisions would be disregarded and respondents accorded a greater right than their agreement accords them, if appellant was forced to pay the whole amount of the annuities at once and, perchance, out of assets not raised from monthly dues and assessments.

Inasmuch as appellant is willing for a decree to go in favor of respondents for the installments due at the time of the trial, together with interest; that it shall be adjudged appellant thereafter pay the installments as they fall due, and that respondents may have an execution for any installment if it remains unpaid for ten days after maturity, on filing an affidavit to that effect, such a decree may be entered.

The judgment is reversed and the cause remanded. All concur.