EMERSON N. THETFORD, Respondent, v. THE GENERAL ACCIDENT ASSURANCE CORPORATION, Appellant.

Springfield Court of Appeals, January 3, 1910.

1. CONTRACTS: Written Instrument: Construction. The rule is that the construction of written instruments is for the court, except where there is an ambiguity which must be solved by extrinsic facts which are unconceded, or where the writing is merely .adduced as containing evidence of certain facts from which different inferences may be drawn.

2. ———: ———: ———: Where Ambiguity Exists. Where an ambiguity is contained in a written instrument and it cannot be solved by reference to other parts of the contract, and when the surrounding circumstances are controverted, the question is for the jury under proper instructions from the court.

3. WRITTEN INSTRUMENTS: Accident Insurance: Ambiguity Existing in Receipt. A receipt which recited that the amount received was in full settlement for any and all claims under

an accident insurance policy "to this date," held ambiguous as to whether it acknowledged payment of all demands for injuries received prior to said date or only for all demands and installments that were due under said policy up to said date, and that the trial court did not err in permitting parol testimony to explain what was meant by its terms.

4. **ACTIONS: Splitting Demands: Actions May be Brought as Installments Accrue.** Where payments of money are to be made periodically, separate actions may be maintained in succession for the installments as they mature.

5. **PLEADING: Release not Pleaded.** Defendant can get no benefit from the fact that a draft issued to plaintiff for benefits under an accident insurance policy and endorsed by defendant, upon which was written a release for injuries contracted prior to the date thereof, when the release was not relied on by defendant in its answer.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

AFFIRMED.

*Fred W. Kelsey* for appellant.

(1) The court erred in admitting oral testimony to show that certain matters growing out of plaintiff's alleged accident were not included in the settlement between plaintiff and defendant made on February 19, 1908. The Cayuga, 59 Fed. 485; Pierson v. Hooker, 3 Am. Dec. 467; Duff v. Hutchinson, 57 Hun 152, 10 N. Y. Supp. 857; Slayton v. Hemken, 91 Hun 582, 36 N. Y. Supp. 249; Tate v. Railroad, 131 Mo. App. 107; Carpenter v. Jamison, 6 Mo. App. 216, 75 Mo. 285; Clarke v. Shrimski, 77 Mo. App. 170; Construction Co.v.Hayes, 191 Mo. 291. (2) The plaintiff's case was not established by such a preponderance of the evidence as the law requires. Gibson v. Hanna, 12 Mo. 163; Pickel v. St. L. Chamber of Commerce Assn., 10 Mo. App. 195; Moore on Facts, secs. 1178 and 729. (3) A written instrument which is in the nature of a contract and a receipt combined in one writing cannot be contradicted

or explained by parol evidence. Construction Co. v. Hayes, 191 Mo. 291; Carpenter v. Jamison, 6 Mo. App. 216, 75 Mo. 285; Clark v. Shrimski, 77 Mo. App. 170.

*John J. Wolfe* for respondent.

It was proper for the court to permit plaintiff to supplement by way of parol evidence that only his claim for loss of time up to the date of the receipt was contemplated by the parties thereto, thus confirming the language of the receipt itself. Carpenter v. Jamison, 6 Mo. App. 216; Riley v. Kersham, 52 Mo. 224; Bigbee v. Coombs, 64 Mo. 529; Ireland v. Spicknard, 95 Mo. App. 53; Wagman v. Rothwell, 121 Mo. App. 413; 9 Encyc. of Evid., pp. 370, 484; Welsh v. Edmisson, 46 Mo. App. 282; Edwards v. Smith, 63 Mo. 119; Meade v. Weed, 45 Mo. App. 385; Schergen v. Baerveldt Const. Co., 108 Mo. App. 262; McLain v. Winchester, 17 Mo. 49.

GRAY, J.—This cause is here on appeal by the defendant, from a judgment of $160 against it, rendered by the circuit court of Jasper county, in a trial before the court without a jury.

The suit was commenced on the 19th day of November, 1908, and the plaintiff alleges that on the 2nd day of June, 1906, appellant delivered to him an insurance policy, insuring him against total disability by reason of accident, and agreeing to pay, in case of such disability, the sum of $60 per month, for a period of not exceeding twenty-four consecutive months; that on 28th day of January, 1908, while in the act of walking down a certain stairway in a hotel where he was a guest, he slipped and fell, and sustained injuries which totally disabled him until the 23rd day of May, 1908, and praying for judgment in the sum of $190, less the sum of $25 paid to him by defendant, on the 19th day of February, 1908.

The answer was a general denial, followed with the special plea of payment and settlement, and that the plaintiff executed and delivered his contract of settlement as follows:

"JOPLIN, Mo., Feb. 19, 1908.

"Received of General Accident Assurance Corp. Ltd., Philadelphia, a sight draft for the sum of Four Hundred and Twenty-five Dollars ($425.00) which when honored by the said General Accident Assurance Corporation shall be in full settlement for any and all claims under policy No. 109931 to this date.

"E. N. THETFORD."

The reply was a general denial. Appellant's contention that the judgment should be reversed and a new trial granted, is founded upon the action of the court in permitting parol testimony explaining the receipt above set forth. If the court was right in this matter, then the judgment should be sustained, and if the court's action was wrong, a reversal must follow.

The respondent had received an injury in January, 1907, and in February, 1908, settlement had not been made. It is claimed by the respondent that the settlement receipt above set forth, was executed by him in full settlement for his first injury, and $25 on his claim growing out of his second injury.

The appellant's contention at the trial was that it was in full settlement for both claims, and including everything that respondent might have been entitled to for time lost subsequent to the date of settlement.

The rule is that the construction of written instruments is for the court, except where there is an ambiguity which must be solved by extrinsic facts which are unconceded, or where the writing is merely adduced as containing evidence of certain facts, from which different inferences may be drawn. [Blanke v. Dunnerman, 67 Mo. App. 591.] And where the ambiguity can not be solved by reference to other parts of the contract, and when the surrounding circumstances are controverted, the question is for the jury under proper instructions from the court. [Deutmann v. Kilpatrick, 46 Mo. App. 624.]

140 App.—17

In the case above cited, plaintiff contracted to erect a building for the defendant in conformity with certain plans and specifications for $3,400. When he received the last installment, he executed a receipt containing the following recital: "The above is in full for all claims against R. J. Kilpatrick and against the building and property upon which said work was and is done, and all time, labor and material furnished therefor and thereon." Subsequently the plaintiff instituted a suit to recover $104.75 for extra work on the building. The plaintiff claimed that the receipt only was in full settlement for work done under the first contract, and the defendant claimed it was in full settlement for all work. The court construed the contract, and for so doing, the cause was reversed and remanded for new trial.

In this case the parties differed as to the construction to be placed upon the last words of the receipt, to-wit: "to this date." The respondent insists that the words mean, for sums due him to date. The appellant claims the words mean full settlement for all injuries received previous to the date of settlement, whether due or not. If all of the respondent's demand against appellant on account of his second injury, had been due at the time of this settlement, then we do not believe the receipt or contract so ambiguous as to justify the introduction of parol testimony. But where payments of money are to be made periodically, separate actions may be maintained in succession for the installments as they mature. [Puckett v. National Annuity Assn., 134 Mo. App. 501, 114 S. W. 1039.] And, therefore, if a partial settlement had been made for the second injury, it is likely the receipt would have read very much as it does, as it would have been only in settlement for sums then due.

We believe the contract is ambiguous, and the court did not err in permitting parol testimony to explain what was meant by the terms. We have not overlooked the fact that after the signing of this receipt, the re-

spondent endorsed a draft upon which there was written a release for injuries received contracted prior to the date. This release was not relied on by the defendant in its answer.

The evidence in behalf of the plaintiff is uncontradicted that at the time the receipt was given, it was fully understood that it only covered $25 on his second claim, and that he refused to sign it until he was assured that it would not be in settlement of his second claim, except to the date of the agreement.

Mr. Wolfe, who was present, corroborated the respondent's testimony in this behalf. The court gave three instructions in behalf of the appellant, and they were indeed, favorable to appellant.

Upon the whole, the case was well tried, and in our judgment, no reversible error was committed. The judgment will be affirmed. All concur.