LIZZIE ALLEN, RESPONDENT, V. THE NATIONAL LIFE & ACCIDENT INSURANCE CO., APPELLANT.—67 S. W. (2d) 534.

Kansas City Court of Appeals. January 29, 1934.

*G. W. Duvall, V. H. Monteil* and *W. W. Filkin* for respondent.

*McAllister, Humphrey, Pew & Broaddus* for appellant.

BLAND, J.—This is an action upon two policies of insurance. There was a verdict and judgment in favor of plaintiff in the sum of $2,418. Defendant has appealed.

One of the policies provided for the payment to plaintiff of weekly benefits in the sum of $5 per week for a period of twenty-six weeks in each year, in the event that plaintiff became totally disabled. The other provided for the payment of $1 per week during the same period under like conditions.

Plaintiff alleged in her petition that she became totally disabled on October 29, 1927, and that she would continue to be so disabled during the remainder of her life. She asked judgment for the sum of $156 claimed to be due her at the time of the filing of the petition. She further alleged that in October, 1929, defendant repudiated the

contract and that she had an expectancy of life running 28.18 years; that she was entitled to recover, in addition to the sum of $156 due, the sum of $4,396.08, being the amount of the indemnity to accrue during her expectancy of life.

The evidence shows that plaintiff was totally disabled as a result of an elevator accident. It was admitted that all premiums were duly paid and plaintiff alleged in her petition that she had performed all of her duties under the policies. Defendant paid the benefits as they accrued for a period of six months after the accident, at which time it refused to make any further payments.

In support of her case and over the objection of defendant, plaintiff introduced an actuary and through him the American Insurance Tables of Mortality. The witness testified that these tables were based upon the expectancy of life of persons in good health and that the expectancy of a person of the age of plaintiff was 23.08 years. Defendant throughout the trial objected to any testimony relative to plaintiff's condition after the institution of her suit.

Defendant insists that the court erred in refusing its Instructions One, Two and Three, in which instructions it was sought to limit the right of plaintiff's recovery for weekly benefits that were due when her suit was filed.

It will thus be seen that this appeal involves the question as to whether the holder of a contract of insurance providing for periodic payments of benefits for disability is entitled to a commutation of such benefits which might become due in the future, on the ground that the insurance company has been guilty of an anticipatory breach of the contract, the determination of the future benefits being based on the life expectancy of the insured. The solution of the question presented depends upon a proper application of the rule announced in the leading case of Roehm v. Horst, 178 U. S. 1, which case has been followed in this State. [See Leon v. Barnsdall Zinc Co., 309 Mo. 276, 290.] In those cases the rule is laid down that where the contract is mutually executory, at least in part, and there are interdependent covenants to be simultaneously performed, a repudiation or renunciation of the contract, on the part of one, covering the entire performance, before the time of performance, is such a breach as gives immediate right of action for the entire damages arising as a result of the breach; but where one party has completely executed his part of the contract and it is executory on the part of the other party only, or where the contract is unilateral or it is bilateral but contains an independent promise, such as a contract with respect to the payment of money at specified times, in case of repudiation a suit may be maintained only for each installment as it becomes due, or, if action is not brought until more than one installment is due, then all that are due may be sued for in one action. [See, also, State ex rel. v. Fidelity & Deposit Co., 228 S. W. 865, 867.]

The question, therefore, is whether the indemnity contracted for in the policies of insurance before us come under the heading of mutually executory contracts or whether the contracts have been executed by one party. We think that these contracts of insurance come under the latter. Plaintiff has fully performed her part of the contracts and there remains nothing to be done except for defendant to pay the installments at the times specified. [Puckett v. National Mutual Annuity Ass'n, 134 Mo. App. 501; Hardie v. Met. Life Ins. Co., 7 S. W. (2d) 746; Howard v. Benefit Ass'n of Ry. Employees (Ky.), 39 S. W. (2d) 657; Woods v. Prov. Life & Acc. Co. (Ky.), 42 S. W. (2d) 499; Garbush v. Order of U. Com. Trav. (Minn.), 228 N. W. 148; Atkinson v. R. R. Emp. Mut. Rel. Soc., 160 Tenn. 158; Met. Life Ins. Co. v. Lambert, 157 Miss. 759; B. & O. Relief Ass'n v. Post, 122 Pa. 579; Donlen v. Fid. & Cas. Co., 192 N. Y. S. 513; Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75; State Life Ins. Co. v. Atkins (Tex.), 9 S. W. (2d) 290; N. Y. Life Ins. Co. v. English, 96 Tex. 268; Met. Life Ins. Co. v. Day, 145 Ga. 425, 429; Green v. Inter-Ocean Cas. Co., 203 N. C. 767; Com. Cas. Ins. Co. v. Campfield, 243 Ill. App. 453; 3 Williston on Contracts, pp. 2373, 2374; Washington County v. Williams, 111 Fed. 801, 810; Moore v. Sec. Trust & L. Ins. Co., 168 Fed. 496; Parks v. Md. Cas. Co., 59 Fed. (2d) 736; Kithcart v. Met. Life Ins. Co., 1 Fed. Sup. 719; Wyll v. Pac. Mut. L. Ins. Co., 3 Fed. Sup. 483; 1 C. J., pp. 515, 1148; 37 C. J., p. 657; 7 Cooley's Briefs on Ins. (2 Ed.), 6614; Bonslett v. N. Y. L. Ins. Co., 190 S. W. 870, 875; State v. Fid. & Dep. Co., 228 S. W. 865, 867; Union R. R. & Transportation Co. v. Traube, 59 Mo. 355, 362, 363; Thetford v. Assurance Ass'n, 140 Mo. App. 254.]

The objection to permitting recovery on the life expectancy of the insured on the theory that plaintiff became totally disabled is well stated in the case of Howard v. Benefit Ass'n of Ry. Employees, supra, l. c. 658:

"The allegations of appellant's petition disclose the uncertain and speculative nature of the measure of damages he seeks to apply. He concedes that he is not entitled to recover upon the basis of the full expectation of life of a healthy person. The liability of the appellee for illness indemnity ceases at the death of the insured which may occur at any time, and judgment for the present value of the monthly payments due under the policy until appellant's death, and attempting to fix appellee's true liability would be necessarily based upon a speculative hypothesis. . . .

"Under a contract like this the appellant should not be permitted to recover payments which by reason of his death or recovery from his illness, might never accrue."

Also, to allow such a recovery would be in the teeth of the contract. [3 Williston on Contracts, p. 2374.]

In support of the ruling that recovery could be had only for the

installments as they fell due, under policies similar to this one, the court, in the Howard case, cited, among others, two Missouri cases, to-wit: Hardie v. Met. Life Ins. Co., 7 S. W. (2d) 746, supra, and Bonslett v. N. Y. Life Ins. Co., 190 S. W. 870, supra.

Plaintiff relies upon the case of Milburn v. Life Ins. Co., 209 Mo. App. 228, decided by this court. In that case a death benefit of a definite amount was to be paid in annual installments covering a period of years. This court held that a judgment might be rendered for the full amount of the death benefit, including the installments which had not then matured. The present case might be distinguished from the Milburn case, since in that case the amount involved under the policy therein was definite and it was merely a question whether such amount could be commuted into a lump sum, whereas, in the case now before us, the total amount that may ultimately prove to be due is highly speculative, since it is dependent upon the duration of the life of the insured. However, the decision in the Milburn case, on the point in controversy, is contrary to that of the Supreme Court in the case of Bonslett v. N. Y. Life Ins. Co., supra. Therefore, the Milburn case, as to the point in question, must be overruled.

In the case of Roscoe, 12 Fed. (2d) 693, cited by the plaintiff, the policy provided that the plaintiff should furnish the company periodic medical reports concerning her condition and the probable duration of her disability. Similar clauses are found in the policies before us. The court permitted recovery for the past due installments and also for the installments which would become due during insured's life expectancy on the ground that the requirement that plaintiff furnish monthly medical reports or proofs made the contract executory as to her. This case was decided by a divided court and what was said in the dissenting opinion meets with our approval. It was there stated that the provision of the contract requiring plaintiff to furnish periodic proofs was a condition and not an obligation. The majority opinion in the Roscoe case has been criticized by at least one Federal court (see Kithcart v. Met. Life Ins. Co., supra) and the Supreme Court of Minnesota has refused to follow it in the case of Garbush v. Order of United Travelers of Am., supra. We deem it wholly illogical, if not contrary to the decisions of this State and will not follow it. The cases of Pierce v. Tenn. Coal, Iron & R. R. Co., 173 U. S. 1; Parker v. Russell, 133 Mass. 74, and Pakas v. Hollingshead, 184 N. Y. 211, involve executory contracts or contracts with interdependent covenants to be simultaneously performed and are not in point.

The judgment is reversed and the cause remanded. All concur.