**Bertha MERRICK, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation, Defendant.**

**No. 64 C 115(1).**

United States District Court
E. D. Missouri, E. D.

Nov. 5, 1964.

Jerome J. Duff, St. Louis, Mo., for plaintiff.

F. X. Cleary, St. Louis, Mo., for defendant.

HARPER, Chief Judge.

This case is before the court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

From the pleadings, two affidavits and exhibits, it appears that the plaintiff filed suit against this defendant in the Circuit Court of St. Louis in March, 1964, being Cause No. 62313, which cause was duly removed to this court. Plaintiff's claim is based on a policy of insurance with the defendant and under which plaintiff has been receiving disability payments of $50.00 per week. Plaintiff has previously brought three separate suits against the defendant in order to obtain her payments. At the time this suit was filed there was pending in the Magistrate Court of the City of St. Louis, Cause No. 52691, the third suit referred to.

Plaintiff contends in this action that defendant's refusal to pay constitutes a total and complete repudiation of the contract of insurance and prays for the payment of all future installments due based upon the period of plaintiff's life expectancy. This court on September 16, 1964, overruled plaintiff's motion for an order of partial summary judgment, and the defendant since that time has filed the

motion which is before the court because of new development between the parties.

The affidavit with respect to the motion for summary judgment and the exhibit attached thereto shows that on July 31, 1964, a stipulation for dismissal was filed in Cause No. 52691 in the Magistrate Court of the City of St. Louis on the basis of payment to plaintiff by the defendant for thirty-seven (37) weeks of disability, plus interest, court costs and penalties for attorney's fee and vexatious delay.

The motion for summary judgment, which is sworn to, further sets out that regular disability payments have been made to the plaintiff since July 31, 1964. The defendant contends in its motion that as a result of these events the present action is moot and that by plaintiff's acceptance she has treated the contract of insurance as being in existence, as well as removing the issue of vexatious delay and attorney's fee.

■ The Missouri courts have repeatedly held that when a contract remains executory on one side only, such as where money is to be paid regularly to the other contracting party, then in the event of default in performance, suit may be brought to collect only the amount due at the time of the suit. Bonslett v. New York Life Ins. Co., Mo., 190 S.W. 870; Allen v. National Life and Accident Co., 228 Mo.App. 450, 67 S.W.2d 534; Hawkinson v. Johnston, 8 Cir., 122 F.2d 724, 137 A.L.R. 420.

■ Thus, the complaining party may sue immediately for each payment as it becomes due, or elect to wait until such time as complete performance is due and then collect the total amount owed. The Allen case, supra, is very similar to the case before the court and recovery was only permitted for payments due when the suit was filed, and recovery was denied for benefits not due at the time the suit was filed, but based on life expectancy.

The Supreme Court in New York Life Insurance Company v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971, said:

" * * * [f]or breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit."

The court in so holding cites a number of cases from various states, including the Allen case, supra, from Missouri.

As set out supra, the plaintiff is not entitled at this time to recover for any past due disability payments, and since under the Missouri decisions the plaintiff can only recover from the defendant payments in default, the plaintiff cannot recover in this action.

Accordingly, defendant's motion for summary judgment will be sustained and the clerk will prepare and enter the proper order to that effect.