**Bertha MERRICK, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 17928.

United States Court of Appeals
Eighth Circuit.

July 27, 1965.

Rehearing Denied Aug. 17, 1965.

Jerome J. Duff, St. Louis, Mo., for appellant.

Paul S. Brown, of Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., made argument for appellee and filed brief with F. X. Cleary, St. Louis, Mo.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

BLACKMUN, Circuit Judge.

Allstate Insurance Company insured Bertha Merrick under a disability policy calling for the payment of $50 per week so long as she was continuously and totally disabled as a result of an injury sustained in an automobile accident. Thereafter, and while the policy was in effect, she suffered injury in such an accident. She brings this action, removed from state court, against Allstate to recover, on grounds of alleged breach, repudiation, and abandonment of the contract, all future sums payable under the policy during her life expectancy, and, pursuant to Mo.Rev.Stat. § 375.420 (1959), V.A.M.S., additional punitive damages and an attorney's fee for the defendant's vexatious refusal to pay. Chief Judge Harper ordered the entry of summary judgment in favor of Allstate. 236 F.Supp. 451.

The policy was a Missouri contract and Missouri law governs. The facts are not in dispute. The accident occurred on November 12, 1959. The insured actually has received disability payments under the policy from Allstate but these payments for the most part have been the result of litigation which the plaintiff has instituted. She first sued Allstate in the Circuit Court in the City of Saint Louis. When the insurer then paid all accrued benefits, that action was dismissed by stipulation. Allstate

again refused to pay and the plaintiff sued a second time in the United States District Court for the Eastern District of Missouri. That case proceeded to trial and resulted in a judgment for the insured for benefits to the date of completion of the trial. Allstate paid that judgment. Then the insurer again ceased payments and for the third time the plaintiff sued. That action was in the Magistrate Court of the City of Saint Louis. It was dismissed on July 31, 1964, when Allstate made payment to the insured for a stated number of weeks of disability, interest, costs, and statutory damages.

Since July 1964 Allstate has regularly made the disability payments to the plaintiff and she has accepted them.

The present suit was begun in March 1964 after the Magistrate Court action had been instituted but before it was dismissed. The action is thus the fourth successive one which the plaintiff has brought against Allstate on the policy in question.

Judge Harper held that under Missouri law, when a contract remains executory only on one side and default occurs, suit may be brought to collect only the amount then due. Therefore, inasmuch as there was nothing due under the contract at the time of the court's ruling on the defendant's motion for summary judgment, the court sustained that motion.

The Missouri law seems clearly settled. In Allen v. National Life & Acc. Ins. Co., 228 Mo.App. 450, 67 S.W.2d 534 (1934), the court stated the problem:

"[T]his appeal involves the question as to whether the holder of a contract of insurance providing for periodic payments of benefits for disability is entitled to a commutation of such benefits which might become due in the future, on the ground that the insurance company has been guilty of an anticipatory breach of the contract, the determination of the future benefits being based on the life expectancy of the insured."

It then referred to the rule that where a contract is mutually executory a total repudiation by one party is a breach which gives an immediate right of action for all resulting damages, but that where one party has executed his part of the contract and it is executory only on the part of the other, "such as a contract with respect to the payment of money at specified times", then a suit may be maintained just for the instalments which are due. The court said, p. 535 of 67 S.W.2d:

"The question, therefore, is whether the indemnity contracted for in the policies of insurance before us comes under the heading of mutually executory contracts or whether the contracts have been executed by one party. We think that these contracts of insurance come under the latter. Plaintiff has fully performed her part of the contracts and there remains nothing to be done except for defendant to pay the installments at the times specified."

In Leon v. Barnsdale Zinc Co., 309 Mo. 276, 274 S.W. 699, 703 (1925), the Supreme Court of Missouri, in speaking of anticipatory breach, said:

"That doctrine, however, applies only to contracts which are at least in part mutually executory, where there are interdependent obligations. It cannot be invoked with respect to contracts to pay money at specified times, where one of the parties has completely executed the contract, and it is executory only on the part of the other party."

Of like import are Bonslett v. New York Life Ins. Co., 190 S.W. 870, 875 (Mo. 1916); Puckett v. National Annuity Ass'n, 134 Mo.App. 501, 114 S.W. 1039 (1908); Chipley v. National Life & Acc. Ins. Co., 67 S.W.2d 992, 997 (1934); Buis v. Prudential Ins. Co. of America, 229 Mo.App. 190, 77 S.W.2d 127, 133 (1934); Hawkinson v. Johnston, 122 F.2d 724, 729, 137 A.L.R. 420 (8 Cir. 1941), cert. denied 314 U.S. 694, 62 S.Ct. 365, 86 L.Ed. 555; Parks v. Maryland Cas. Co., 59 F.2d 736 (W.D.Mo.1932);

Kithcart v. Metropolitan Life Ins. Co., 1 F.Supp. 719 (W.D.Mo.1932). See New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 80 L.Ed. 971 (1936), and Smyth v. United States, 302 U.S. 329, 356, 58 S.Ct. 248, 82 L.Ed. 294 (1937).

Specifically, disability contracts have been held in Missouri to be contracts to pay money at specified times and thus only unilaterally executory and not subject to the doctrine of anticipatory breach. Allen, Puckett, Chipley, Buis, and Kithcart all concerned contracts of this kind.

The insured apparently does not quarrel with these general propositions of Missouri law. She asserts, instead, "that her total position in this litigation is predicated upon the recognized exceptions to the general rule". She refers primarily to the opinion in New York Life Ins. Co. v. Viglas, supra, written by Mr. Justice Cardozo, and stresses that (1) the Court there found nothing in the complaint referable to repudiation and future benefits (whereas here allegations of this kind are present and the admitted facts disclose the necessity of past successive suits); (2) there was nothing there to show that the insurer was not acting in good faith (whereas here litigation has been compelled and the insurer has paid penalties for vexatious delay); (3) when the insurer there gave notice of no further payments there had been no renunciation or abandonment of the entire contract (whereas here, in contrast, we have Allstate's continuing refusal to pay, even after the federal judgment); (4) the insurer there committed only a breach for which it was answerable in damages (whereas here the insurer has already been required to answer in damages on three separate occasions, once punitively); (5) the Court there refrained from deciding what the damages would be "if there had been complete repudiation", and thus did not, as a matter of law, foreclose a cause of action for repudiation; (6) the Court there, 297 U.S. p. 679, 56 S.Ct. p. 617, refused

" * * * to suggest an invariable rule whereby the full value of a bargain may never be recovered for any breach of contract falling short of repudiation or intentional abandonment. All depends upon the circumstances."

(whereas the present case is one where the insured should be relieved of the burden of still further suits); and (7) the Court noted, p. 682, 56 S.Ct. p. 619, that the complaint there "does not make a showing of a breach so wilful and material as to make acceleration of future benefits essential to the attainment of present reparation" (whereas the payment of punitive damages in settlement of the third lawsuit here is an admission of willful and material breach).

The dissenting opinion in Federal Life Ins. Co. v. Rascoe, 12 F.2d 693, 697–698 (6 Cir. 1926), cert. denied 273 U.S. 722, 47 S.Ct. 112, 71 L.Ed. 859, referred to with approval by the Kansas City Court of Appeals in Allen v. National Life & Acc. Ins. Co., supra, p. 536 of 67 S.W.2d, and Restatement, Contracts, § 318, as revised in its 1948 Supplement, are also cited and are said to lend support to the proposition that the doctrine of anticipatory breach is not inapplicable to every unilaterally executory contract.

Certainly a situation where a plaintiff-insured has found it necessary four times within five years to resort to court action to establish her right to disability payments, particularly where payment of punitive damages has already once been effected, is one which tends to incite sympathy. However, a claim resting on "total disability" often presents a close and continuing question. The present record affords us no information as to the nature of the plaintiff's disability or as to the reasons why Allstate repeatedly has withheld payment. We would have to indulge in surmise as to these. The question thus comes to us almost naked and clothed with only the facts of prior litigation and of one payment of statutory damages.

We recognize that the Supreme Court in Viglas and the dissenting judge in

Rascoe seem to have entertained a reluctance to foreclose completely the application of the doctrine of anticipatory breach to a unilaterally executory situation. We, also, might be inclined to be that cautious. But the Missouri law seems too clearly and firmly established for us to presume that an exception exists which has application to the bare record, including the plaintiff's current acceptance of weekly benefits, in this case. The experienced Missouri federal judge who tried the matter was not so persuaded as to the law of his state and we feel that we are not justified in reaching a contrary conclusion. Homolla v. Gluck, 248 F.2d 731, 733–735 (8 Cir. 1957); National Bellas Hess, Inc. v. Kalis, 191 F.2d 739, 741 (8 Cir. 1951), cert. denied 342 U.S. 933, 72 S.Ct. 377, 96 L.Ed. 695.

Affirmed.