**Veatrice M. DAVIS, Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant.**

**No. 16782–1.**

United States District Court
W. D. Missouri, W. D.

Sept. 25, 1968.

Thaine Q. Blumer, Blumer, Wright, Bittike & Rocha, Kansas City, Mo., for plaintiff.

Henry G. Eager, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER REMANDING CASE TO STATE COURT

JOHN W. OLIVER, District Judge.

Consistent with the established practice of this district, see Barnes v. Parker, W.D.Mo.1954, 126 F.Supp. 649, and the command of Section 1447(c) of Title 28, U.S.C., this Court must, on its own motion, make appropriate jurisdictional inquiry even though no motion to remand is filed. Failure to do so might result in the trial of a case over which the district court lacked jurisdiction, a fact that would not go unnoticed in the Court of Appeals. See Ringsby Truck Lines, Inc. v. Beardsley, (8th Cir. 1964), 331 F.2d 14.

It became apparent during final pretrial that a real question was presented concerning the requisite jurisdictional amount involved in this removed case. We requested and have received briefs from the parties. The authorities there cited and independent research makes it apparent to a legal certainty under controlling Missouri law that less than $10,000 is jurisdictionally involved and that this case must be remanded to the state court.

Plaintiff filed suit in the state court to recover payments allegedly due on two accidental injury insurance policies. Plaintiff alleged that she had been paid $200.00 monthly from February 7, 1965 until April 13, 1967 but that she has not been paid since. Plaintiff alleged that defendant is indebted to plaintiff for 9 months of total disability payments, a total sum of $1,800.00, and that plaintiff is also entitled to the benefit of the Missouri statute which imposes a 10% penalty and reasonable attorney's fees for vexatious delay. Assuming, under the facts, that the statute would be applicable, plaintiff would be entitled to recover above the $1,800.-00 total monthly payments an additional $180.00 plus a reasonable attorney's fee. A reasonable attorney's fee could not possibly be allowed that would raise the amount involved to more than $10,000.

It is a legal certainty that a fee of over $8,000 could not reasonably be allowed for the recovery of $1,980.00.

■ Plaintiff also alleged that "defendant's actions and statements that it does not intend to pay plaintiff further benefits, amounts to an anticipatory breach of its contract to provide monthly benefits to plaintiff at the rate of $200.00 per month for the remainder of her life and that plaintiff has a life expectancy of 25 years and that because of defendant's failure to pay, she has been damaged additionally in the sum of $80,000.00" cannot properly be considered a part of the jurisdictional amount involved, because it is legally certain that plaintiff cannot recover on any such theory under controlling Missouri law.

Merrick v. Allstate Insurance Company, (8th Cir. 1965), 349 F.2d 279, cites the numerous Missouri cases which establish that "disability contracts have been held in Missouri to be contracts to pay money at specified times and thus only unilaterally executory and not subject to the doctrine of anticipatory breach." Still additional Missouri cases are cited by Chief Judge Harper in his reported district court opinion which was affirmed. See 236 F.Supp. 451.

The Missouri rule recognized by the Eighth Circuit as stated in *Merrick* is not unique. See Keck v. Fidelity and Casualty Company of New York, (7th Cir. 1966) 359 F.2d 840, and the cases therein cited from the 4th, 9th and 10th Circuits in which the same rule established by the law of other states is applied to establish a failure to meet the requisite jurisdictional requirement in the diversity actions there involved.

In *Keck* the district court determined that "the sum in controversy, as alleged in the complaint, was limited to the difference between the amount of the partial disability payments which the plaintiff had received and the amount which the plaintiff would have received under the total disability provisions of the insurance policy to the date of suit, an amount far below the jurisdictional

minimum." That court held, as we hold in this case, that "no actual controversy * * * existed with respect to future benefits which might become due if the plaintiff's contention of total disability was sustained."

In affirming, the Court of Appeals stated:

The decision of the district court was correct. Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute. White v. North Am. Acc. Ins. Co., 316 F.2d 5 (10th Cir. 1963); Commercial Cas. Ins. Co. v. Fowles, 154 F.2d 884, [165 A.L.R. 1068] (9th Cir. 1946); Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4th Cir. 1940). [359 F.2d at 841]

For an excellent discussion of still additional cases see Judge Winter's recent opinion in Beaman v. Pacific Mutual Life Insurance Company, (4th Cir. 1966), 369 F.2d 653, in which it was held:

The decided cases in the Supreme Court of the United States and in this and other circuits are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld. [Id. at 655].

The removing defendant directs our attention to the case of Ginsburg v. Pacific Mutual Life Insurance Co. of California, (2nd Cir. 1934) 69 F.2d 97, to support its contention that its counterclaim "seeking a judgment setting aside the policy of insurance on the ground of misrepresentation at the policy's inception * * * involves a value of more than the jurisdictional amount." Rudder v. Ohio State Life Insurance Co., E.D.Ky. 1962, 208 F.Supp. 577, appropriately states that *Ginsburg* was "rejected by its own authors" in Gold-

stone Co. v. Payne, (2nd Cir. 1938) 94 F.2d 855. We join in the universal rejection that *Ginsburg* has received by every court which has taken note of that case.

 Counsel for the removing defendant unsuccessfully presented the argument that the requisite jurisdictional amount could be supplied by counterclaim to this Court in Roney v. Mutual Benefit Health and Accident Association, W.D.Mo. 1957, 155 F.Supp. 580, a case involving procedural circumstances quite comparable to the case at bar. The late Judge R. Jasper Smith rejected that argument, stating:

> Generally in determining whether the requisite jurisdictional amount is involved so as to authorize removal of an action to a federal court, the court considers only the amount in good faith prayed for in plaintiff's complaint at the time of the petition for removal, and does not look to any amount that may be stated in defendant's counterclaim.

Judge Smith relied upon Judge Ridge's earlier opinion in Barnes v. Parker, supra, and some of the many other controlling federal cases. In regard to the few cases to the contrary, Judge Smith stated that he was "satisfied neither with the reasoning nor the consequences of these cases." Nor are we. It is quite apparent that the rule of this district was firmly established by Barnes v. Parker and Roney v. Mutual Benefit Health and Accident Association.

Counsel have suggested no reasons why the present active judges of this Court should change the rule of decision long established in this district with which they were obviously familiar. We know of none.

We have considered whether we should enter any order in regard to costs which would direct a consequence different from that provided in Rule 54(d) of the Rules of Civil Procedure. Judge Jameson recognized in Eller v. M.L.D. Trust, D.Mont. 1965, 241 F.Supp. 800, that power to impose costs that would include an allowance of a reasonable attorney's fee to plaintiff's counsel in a case which had been improvidently removed by the defendant is vested by Section 1447(c) of Title 28, United States Code. See also discussion in Moore's Federal Practice ¶ 54.77(2). See also Judge Delehant's discussion of the history of Section 1447(c) in Kramer v. Jarvis, D.Neb., 86 F.Supp. 743.

 We have concluded that under all the circumstances it is not appropriate to consider whether defendant's improvident removal should or should not place this case within the exceptional situation in which attorney's fees should be allowed. Any determination that this case is an exceptional one would have to rest on a finding that the absence of federal jurisdiction was so patently obvious that it should have been recognized by the defendant at the time it attempted removal. While it is true that defendant, in spite of defendant's counsel's knowledge of Roney v. Mutual Benefit Health and Accident Association, did not make appropriate recognition of what we believe should have been obvious, it is nevertheless also true that plaintiff's counsel refused to recognize the obvious in his brief submitted after the jurisdictional question was placed in precise focus.

While we cannot understand why counsel for either plaintiff or defendant would want to try a case in this Court that would be reversed on jurisdictional grounds (see Ringsby Truck Lines v. Beardsley, supra) we believe that under all the circumstances plaintiff's counsel is not entitled to have the attorney's fee question considered and that therefore no directions concerning costs should be made other than that otherwise provided in Rule 54(d) of the Rules of Civil Procedure.

For the reasons stated it is

ORDERED that this case should be and is hereby remanded to the Circuit Court of Clay County, Missouri, Seventh Judicial Circuit, from which it was improperly removed.