John N. UMBENHOWER, Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 16789-3.

United States District Court
W. D. Missouri, W. D.

March 19, 1969.

Donald L. Slyter, Kansas City, for plaintiff.

John C. Thurlo, James H. McLarney, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for defendant.

---

## MEMORANDUM AND ORDER REMANDING CAUSE TO JACKSON COUNTY CIRCUIT COURT

BECKER, Chief Judge.

This action for damages on an insurance contract and for statutory penalties for vexatious refusal to pay was originally filed in the Circuit Court of Jackson County, Missouri. This action was subsequently removed to this Court on the defendant's petition for removal filed on February 15, 1968. The petition for removal stated that "The issues herein are wholly between citizens of different States and the amount in controversy is in excess of $10,000 exclusive of interest and costs, to-wit, $55,000 exclusive of 'a reasonable attorney's fee.'"

The "petition" (equivalent of a complaint, filed in the state court on January 18, 1968) of plaintiff alleges that he sustained a permanent accident injury on or about August 1, 1966, while a policy, insuring against accident, was in effect with defendant insurance company, by the terms of which plaintiff was entitled to benefits of $200 monthly "during the total loss of time, so long as he lived"; that defendant made the $200 monthly payments for four months, from February 1967 to May 1967 and has refused further payments in the face of plaintiff's demands. Plaintiff therefore asks damages in the sum of $50,000 plus 10% thereof for vexatious refusal to settle, a reasonable attorney's fee, and his costs and expenses.

Defendant counterclaims alternatively for $688.40 with interest or $200 with interest and for its costs and expenses herein. Its answer filed on February 19, 1969, challenges the enforceability of the policy because false answers were "knowingly or recklessly and negligently made" upon the plaintiff's application with defendant, and that even if the policy is enforceable, its liability is restricted by the terms thereof to a maximum of $600.

■ From the foregoing, it is obvious that the petition does not state a claim for relief showing a sufficient amount in controversy to invoke jurisdiction of the federal courts. It is the duty of this Court in this instance to review jurisdiction on its own initiative and to dismiss the case where jurisdiction is lacking. Otherwise, the party invoking federal jurisdiction may contest it after judgment. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L.Ed. 702. Furthermore, the courts of appeals, after trial, as well as the trial courts may remand a case on their own initiative. Colorado Life Co. v. Steele (C.A. 8) 95 F.2d 535; cf. Ringsby Truck Lines, Inc. v. Beardsley (C.A. 8) 331 F.2d 14.

■ Plaintiff seeks to recover all payments allegedly due under the contract of insurance at the rate of $200 a month from May 1967 and, apparently on the theory of anticipatory breach by repudiation, to the end of plaintiff's life expectancy. But he can recover, at the most, the unpaid installments claimed to have accrued to the date of suit. Under Missouri jurisprudence, the theory of anticipatory breach is not applicable to disability contracts of this nature. Bonslett v. New York Life Ins. Co. (Mo.Sup.) 190 S.W. 870; Allen v. National Life & Accident Ins. Co., 228 Mo.App. 450, 67 S.W.2d 534; Merrick v. Allstate Ins. Co. (C.A. 8) 349 F.2d 279, cert. den. 382 U.S. 957, 86 S.Ct. 435, 15 L.Ed.2d 361; Hawkinson v. Johnston (C.A. 8) 122 F.2d 724, 137 A.L.R. 420; see also 1 Moore's Federal Practice ¶ 0.93 [5.-2.], p. 854 (1968 ed.). The case at bar is unlike Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S. Ct. 1570, 6 L.Ed.2d 890, where future payments due in a workmen's compensation claim were allowed to be claimed in a complaint and thus to satisfy the jurisdictional requirement if, together with payments presently due, they totaled more than $10,000.00. The state law under which that claim arose left the entire claim open for adjudication in a *de novo* court trial, regardless of the award. See also Insurance Co. of North America

v. Chinowith (C.A. 5) 393 F.2d 916. Such is not the case in disability insurance claims under Missouri law. Here, the petition was filed on January 18, 1968, alleging unpaid installments of $200 monthly dating from May 1967. This, at most, alleges an amount of $1,600 presently due which is far below the jurisdictional requirement imposed by the diversity statute, Section 1332(a), Title 28, U.S.C.

■ Neither can the counterclaim, in denying the enforceability of the contract because of the alleged false answers of plaintiff on the application, supply the requisite jurisdictional amount. Some authorities hold that if, in a case of permanent disability the plaintiff seeks a declaratory judgment that the insurer must present the question of enforceability. See Moore's Federal Practice ¶ 0.93 [5.-3.], p. 856 (1968 ed.). For it is the claim of the plaintiff which determines the amount in controversy. Even where the defendant insurer "alleged that the policy had lapsed for nonpayment of premiums, thereby putting in issue not only the disability benefits, but the [enforceability in the future of the] policy itself", a federal court would not have jurisdiction. (Part in brackets supplied.) 1 Moore's Federal Practice ¶ 0.93 [5.-3.], p. 856 (1968 ed.); Equitable Life Assurance Society v. Wilson (C.A. 9) 81 F.2d 657. The amount sought in a counterclaim should not be added to that sought by the complaint in determining whether the jurisdictional amount exists, regardless of whether the counterclaim was permissive or compulsory under state practice. Kansas City Philharmonic Ass'n v. Greyhound Lines (W.D.Mo.) 257 F.Supp. 941, and cases therein cited.

For the foregoing reasons, it is hereby

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri.